Paul R. Rooney (PR-0333)
REED SMITH LLP
599 Lexington Avenue, 28th Floor
New York, New York 10022
(212) 521-5400

Attorneys for Defendant
Mellon Financial Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
RAYMOND VAN COTT                    :        07 Civ. 5578 (MGC) (RLE)
                                    :
              Plaintiff,            :        ECF FILED
    - against -                     :
                                    :
MELLON FINANCIAL CORPORATION        :
                                    :
              Defendant.            :
----------------------------------------------------X

**DEFENDANT MELLON FINANCIAL CORPORATION'S BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Dated: July 16, 2007
       New York, New York

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS ........................................................................................1

ARGUMENT...............................................................................................................3

I.      PLAINTIFF'S STATE LAW CLAIM IS PREEMPTED BY ERISA.................................3

II.     MELLON FINANCIAL CORPORATION IS NOT A PROPER PARTY AND
THE DISPLACEMENT PROGRAM IS THE ONLY NECESSARY AND
INDISPENSABLE PARTY TO A CLAIM FOR BENEFITS ...........................................5

III.    CONCLUSION.....................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alessi v. Raybestos-Manhattan, Inc.,*
    451 U.S. 504 (1981)............................................................................................. 7

*Alkire v. Fissel,*
    1994 U.S. Dist. LEXIS 18722 (D. Kan. Dec. 12, 1994)...................................... 8

*Bluhata-Glover v. Cyanamid LTD Plan,*
    1996 WL 220977 (E.D. Pa. April 30, 1996)................................................... 7, 8

*Charter Fairmount Institute v. Alta Health Strategies,*
    1993 U.S. Dist. LEXIS 18317 (E.D. Pa. December 29, 1993) ............................ 8

*Dr. Reich v. MetraHealth, Inc.,*
    1996 U.S. App. LEXIS 16592 (9th Cir. July 18, 1996)...................................... 7

*FMC Corp. v. Holliday,*
    498 U.S. 52 (1990)............................................................................................. 4

*Gelardi v. Pertec Computer Corp.,*
    761 F.2d 1323 (9th Cir. 1985) ........................................................................... 8

*Gilbert v. Burlington Industries, Inc.,*
    765 F. 2d 320 (1985).......................................................................................... 4

*Goldberg v. Lincoln National Life Ins. Co.,*
    1991 U.S. App. LEXIS 29509 (9th Cir. 1991) .................................................. 8

*Gonzalez v. Mesa Verde Country Club,*
    1991 U.S. App. LEXIS 30038 (9th Cir. 1991) .................................................. 8

*Guiles v. Metropolitan Life Ins. Co.,*
    2002 WL 229696 (E.D. Pa. February 13, 2002) ............................................... 8

*Hoheb v. Muriel,*
    753 F.2d 24 (3d Cir. 1985)................................................................................. 6

*In Re Donald J. Trump Casino Securities Lit.-Taj Mahal Lit.,*
    7 F.3d 357 (3d Cir. 1993), *cert. denied sub nom Gollomp v. Trump*, 510 U.S. 1178
    (1994)................................................................................................................. 3

*Ingersoll-Rand Co. v. McClendon,*
    498 U.S. 133 (1990)........................................................................................... 4

*Janney Montgomery Scott v. Shepard Niles,*
    11 F.3d 399 (3d Cir. 1993)................................................................................. 6

*Lee v. Burkhart,*
    991 F.2d 1004 (2d Cir. 1993)............................................................................. 8

*Lehigh Valley Hospital v. Rallis,*
 1994 U.S. Dist. LEXIS 9244 (E.D. Pa. July 8, 1994) ............................................................. 8

*Madden v. ITT Long Term Disability Plan for Salaried Employees,*
 914 F.2d 1279 (9th Cir. 1990) ............................................................................................... 8

*Mellon Bank v. United Bank Corp. of N.Y.,*
 1994 U.S. Dist LEXIS 18583 (N.D. NY Dec. 22, 1994) ....................................................... 8

*Miller v. Eichleay Engineers, Inc.,*
 886 F.2d 30 (3d Cir. 1989) ..................................................................................................... 8

*Miller v. Pension Plan for Emp. of Coastal Corp.,*
 780 F. Supp. 768 (D. Kan. 1991), *aff'd on other grounds*, 978 F.2d 622 (10th Cir.
 1992), *cert. denied*, 123 L.Ed.2d 152 (1993) ........................................................................ 8

*Nachman Corp. v PBGC,*
 446 U.S. 359 (1979) ............................................................................................................... 7

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,*
 998 F.2d 1192 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994) ...................................... 3

*Pilot Life Ins. Co. v. Dedeaux,*
 481 U.S. 41 (1987) .............................................................................................................. 3, 4

*Provident Tradesmens Bank & Trust Co. v. Patterson,*
 390 U.S. 102 (1968) ............................................................................................................... 6

*Pryzbowski v. U.S. Healthcare, Inc.*
 245 F.3d 266 (3d Cir. 2001) ................................................................................................... 5

*Roche v. Mattson Co.,*
 1995 U.S. Dist. LEXIS 5939 (N.D. Ill. May 2, 1995) ........................................................... 7

*Roeder v. Chemrex, Inc.,*
 873 F. Supp. 817 (E.D. Wisc. 1994) ...................................................................................... 7

*Steel Valley Author. v. Union Switch & Signal Div.,*
 809 F.2d 1006 (3d Cir. 1987) ................................................................................................. 6

*Turner v. CF & I Steel Corp.,*
 510 F. Supp. 537 (E.D. Pa. 1981), *aff'd on other grounds*, 770 F.2d 43 (3d Cir.),
 *cert. denied*, 474 U.S. 1058 (1986) ....................................................................................... 7

## Regulations

29 C.F.R. § 2510.3-1(a)(3)........................................................................................................ 4

## Employee Retirement Income Security Act, ERISA

ERISA § 3(1) , 29 U.S.C. § 1002......................................................................................... 4, 6

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ............................................................ 5, 7, 8

ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1).............................................................. 6, 7

ERISA § 514, 29 U.S.C. § 1144 ....................................................................... 1, 4, 5

## PRELIMINARY STATEMENT

This lawsuit was filed after and because Mellon Financial Corporation
Displacement Program ("Displacement Program") denied Plaintiff's administrative appeal, in
which he sought fifty-two weeks of severance pay and the payment of outplacement services.
These benefits, on account of severance or unemployment, are benefits enumerated under section
3(1) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.,* as
amended ("ERISA"). They are, as a matter of federal law, ERISA benefits. Moreover, any such
benefits are payable under and in accordance with the administrative procedures of the
Displacement Program, an ERISA plan. Plaintiff did not sue the only necessary and
indispensable party to a claim for ERISA benefits; to wit: the Displacement Program, which
alone has the authority to grant or deny the severance benefits sought in this case. Instead, he
sued an improper party, Mellon Financial Corporation, which is entitled to have the claim against
it dismissed.

In addition, Plaintiff purports to assert only a state law claim for such ERISA
benefits. Such a claim is preempted by ERISA § 514, 29 U.S.C. § 1144. Thus, the sole claim in
the Complaint should be dismissed.

Accordingly, the present Complaint should be dismissed because a preempted
state law claim was filed against an improper party.

## STATEMENT OF FACTS

Given that the Complaint was artfully pled to avoid asserting a federal cause of
action under ERISA, the following statement of facts simply provides context for the present
motion, being based upon the Complaint and the governing benefit documents.

Plaintiff was an employee of Mellon HR Solutions, LLC ("HR&IS"), which was
sold to Affiliated Computer Services ("ACS") as of May 25, 2006. Complaint at ¶ 12. Prior to
the sale, in December 2004, Plaintiff was given notice of his potential right to become eligible

for enhanced severance benefits, a.k.a. Transition Package.  Complaint at ¶ 15.[1]  The benefit

consisted of the payment for outplacement services and fifty-two weeks of severance pay.

Although stated apparently in generous terms, the enhanced benefits were to be reduced by those

already provided under the Displacement Program.  To be eligible for Displacement Program

benefits and, if notified, the enhanced severance pay, one had to be found to be "displaced"

under the Displacement Program in accordance with its terms and administrative procedures.

Complaint at ¶ 17(c).

Both ordinary severance pay and enhanced severance pay under the Displacement

Program is an *unfunded* benefit.  This means that, if the Displacement Program found that

benefits were payable, Mellon Financial Corporation was required to pay them.  Mellon

Financial Corporation is bound by Displacement Program's determination regarding benefit

entitlement.  Alternatively, if the Displacement Program finds that benefits are not payable,

Mellon Financial Corporation may not pay them.

Plaintiff, quoting the Displacement Program[2] in his Complaint, claims that he met

its definition of "displaced" due to a "significant change in responsibilities from those assigned

to [plaintiff] immediately prior to the sale or transfer."  Complaint at ¶ 30.

---

[1]     Plaintiff's Complaint refers to and purports to attach a "Special Retention Agreement."
No such document is attached.  This is because there is no agreement.  Rather, there is
notice that he was potentially eligible, inter alia, for the enhanced severance benefits he
seeks in this case.  A copy of the December 2004 Notice is found at Attachment 3 to the
Affidavit of Audrey F. Bonnett.

[2]     A copy of the Displacement Program may be found as Attachment 1 to the Affidavit of
Audrey Bonnett, filed with the present motion.  To decide a Rule 12(b)(6) motion, the
court may generally consider exhibits attached to the complaint and authentic documents
submitted by the defendant upon which plaintiff's complaint is premised, in addition to
the allegations asserted therein.  *Pension Benefit Guar. Corp. v. White Consol. Indus.,
Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994); accord
*In Re Donald J. Trump Casino Securities Lit.-Taj Mahal Lit.*, 7 F.3d 357, 368 n.9 (3d Cir.
1993) (holding district court properly considered prospectus appended to motion to
dismiss by defendants, where plaintiffs' claims were based upon the document and
plaintiffs failed to attach the document to their complaint), *cert. denied sub nom Gollomp
v. Trump*, 510 U.S. 1178 (1994).

Plaintiff filed his initial claim for Plan benefits on July 6, 2005, which was denied by Displacement Program on October 3, 2005. _Affidavit of Audrey Bonnett_ at ¶ 3. _Id._ The Plaintiff appealed the initial denial of his claim for enhanced severance benefits on October 18, 2005. _Id._ The Displacement Program made its final determination as to his claim on February 15, 2006, denying his appeal. _Id._ In its final determination, the Displacement Program found that the Plaintiff was not "displaced" in accordance with its terms. A copy of the Displacement Program's Appeal Denial of February 15, 2006 may be found as Attachment 2 to the _Affidavit of Audrey Bonnett._

Plaintiff filed the present lawsuit against the payer of the benefit, Mellon Financial Corporation, not the separate, legal entity that alone makes the determination regarding benefit entitlement.

## ARGUMENT

### I.      PLAINTIFF'S STATE LAW CLAIM IS PREEMPTED BY ERISA.

In _Pilot Life Ins. Co. v. Dedeaux,_ 481 U.S. 41, 54 (1987), the United States Supreme Court made clear that ERISA § 502(a) sets forth a "comprehensive civil enforcement scheme" which Congress intended to be "exclusive," and that the continued existence of "varying state causes of action for claims within the scope of § 502(a) would pose an obstacle to the purposes and objectives of Congress." _Id._ at 52.[3] The Court held that ERISA § 514 preempts and supersedes state law causes of action which relate to employee benefit plans, regardless of whether state laws are designed to affect such plans; the "relate to" language of ERISA § 514 must be given an expansive reading. _Id._ at 44-46; _FMC Corp. v. Holliday,_ 498 U.S. 52, 58

---

3      Section 514(a) of ERISA, 29 U.S.C. 1144(a), states in relevant part:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....

(1990) (ERISA preemption provision is conspicuous for its breadth); *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 144-45 (1990) (Congress expressly included in ERISA a broadly worded preemption provision).

Plaintiff seeks to have this Court hold that the decision of the Displacement Program, that he was <u>not</u> "displaced" under its terms, was wrong.

It is undisputed that the Displacement Program is an employee welfare benefit plan, as that term is defined by ERISA § 3(1).  Furthermore, the severance pay at issue is an enumerated benefit under ERISA §3(1), being a benefit payable on account of unemployment. *Id.*; 29 C.F.R. § 2510.3-1(a)(3);  *Gilbert v. Burlington Industries, Inc.*, 765 F. 2d 320, 325-27(1985)(dismissing employee's state law and common law claims for severance pay as preempted by ERISA based upon finding that severance pay is an "employee welfare benefit plan" under ERISA).

The Department of Labor has issued regulations regarding claims and appeals procedures which ERISA plans must adopt, regarding claims for benefits.  As noted above, Plaintiff complied with these very claims and appeals procedures, as adopted by the Displacement Program.  His claim, triggered by the February 15, 2006 denial of his administrative appeal, therefore, is a challenge to his denial and an attempt "to recover benefits due to him" or "to clarify his rights to future benefits."  This is a cause of action expressly authorized by, and within the scope of, ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

Because (1) the Displacement Program is an ERISA plan; (2) severance pay is an ERISA benefit; (3) the gravamen of the Complaint is to challenge the decision of the Displacement Program; and (4) Plaintiff acknowledges the ERISA character of his claim by exhausting the claims and appeals procedures of the plan, the purported state law contract claim alleged in the Complaint clearly "relates to" the ERISA plan and is preempted by ERISA § 514, 29 U.S.C. § 1144.  As the Third Circuit concluded:

- 4 -

Thus, suits … for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract, have been held to be preempted by § 514(a).  See, e.g., *Bast v. Keystone Ins. Co. of Am.*, 150 F.3d 1003, 1007-08 (9th Cir. 1998) (holding that § 514(a) preempted, among other things, a claim alleging bad faith denial of benefits); *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941-43 (6th Cir. 1995) (holding that § 514(a) preempted claims for wrongful death, medical malpractice, and insurance bad faith based on a refusal to authorize treatment); *Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321, 1331-34 (5th Cir. 1992) (holding that § 514(a) preempted a wrongful death action based on the negligent denial of benefits).

The rationale for these holdings is that the decision whether a requested benefit or service is covered by the ERISA plan falls within the scope of the administrative responsibilities of the HMO or insurance company, and therefore "relates to" the employee benefit plan.

*Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278-279 (3d Cir. 2001).

Accordingly, the state law claim contained in the Complaint is preempted under ERISA § 514(a).

## II.    MELLON FINANCIAL CORPORATION IS NOT A PROPER PARTY AND THE DISPLACEMENT PROGRAM IS THE ONLY NECESSARY AND INDISPENSABLE PARTY TO A CLAIM FOR BENEFITS.

As described above, ERISA's preemption of state law is based in part on Congressional intent to make the enforcement provisions of ERISA "exclusive."  Another consequence of this is that only claims *cognizable* under ERISA, claims that fall within its enforcement provisions, may be asserted.  Plaintiff has not sued the Displacement Program -- an ERISA Plan -- that is alone responsible for determinations it makes regarding benefit entitlement and therefore is a necessary party.  It is also an indispensable party because complete relief cannot be provided in its absence, since a finding that Plaintiff was "displaced" would implicate additional Displacement Program benefits, such as medical coverage.  Rule 19 requires its joinder.

Rule 19(a)'s two main criteria are phrased in the disjunctive, and satisfaction of either mandates joinder.  *Janney Montgomery Scott v. Shepard Niles*, 11 F.3d 399, 405 (3d Cir.

1993).  Rule 19(a) reflects "the interest of the courts and the public in *complete, consistent, and efficient settlement of controversies*."  *Hoheb v. Muriel*, 753 F.2d 24, 26-27 (3d Cir. 1985)(emphasis added); *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968). These three principles guide the determination whether Displacement Program must be joined as a party to this action.  The Rule 19 analysis is typically fact and case specific.  *Steel Valley Author. v. Union Switch & Signal Div.*, 809 F.2d 1006 (3d Cir. 1987).  *See also Provident Tradesmens*, 390 U.S. at 118.  In this case, the analysis can be conducted using the undisputed facts as pled and as contained in documents relied upon in the Complaint.

As a matter of federal law, if an employer wishes to provide severance benefits to its employees, it can do so *only through* an ERISA plan.  ERISA § 3(1), 29 U.S.C. §1002(1). Any such plan is a separate legal entity, distinct from the employer that establishes it. ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1).[4]  This ERISA plan is the entity against which any claim for benefits must run.  *Bluhata-Glover v. Cyanamid LTD Plan,* 1996 WL 220977 (E.D. Pa. April 30, 1996) (ERISA permits suits to recover benefits under §502(a)(1)(B) only against the plan; therefore, employer and plan administrator were dismissed as parties to §502(a)(1)(B), leaving only the ERISA plan).  ERISA's civil enforcement provision, ERISA § 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), authorizes participants to bring suit to "recover benefits due . . . under the terms of his <u>plan</u>", to enforce "rights under the terms of the <u>plan</u>", and to clarify "rights to future benefits under the terms of the <u>plan</u>."[5]  (Emphasis added).  The Displacement Program, therefore, is the entity to whom Plaintiff must look for the enhanced severance benefits.

---

4    Section 502(d)(1) establishes that "[a]n employee benefit plan may sue or <u>be sued under this title as an entity</u>." (Emphasis added). Section §502(d)(2), confirms this analysis by expressly providing that a judgment against an ERISA plan is, with exceptions inapplicable here, "enforceable only against the plan." Thus, any money judgment would run against the ERISA plan not Mellon Financial Corporation.

5    The import of these sections when taken together is clear.  The Supreme Court has recognized that benefit rights are "enforceable against the plan."  *Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 512 (1981); *Nachman Corp. v PBGC*, 446 U.S. 359, 371 (1979).  *Alessi* and *Nachman* both involve interpretation of ERISA's "non-forfeiture" provisions in evaluating the legality and impact of particular Plan provisions.  In *Nachman*,
Continued on following page

But Plaintiff did not sue the Displacement Program that alone should be called upon to defend its own decision.  It is the Displacement Program, a separate and distinct legal entity, not Mellon Financial Corporation, which must explain the reasons for the denial of Plaintiff's administrative appeal.  ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1).

The Displacement Program certainly has an interest in this dispute.  In fact, it is the only legitimate party defendant.  The Plaintiff recognizes the importance of the Displacement Program's determination when he concedes that the sole basis for his alleged entitlement to the severance pay is based upon whether he meets the definition of "displaced" under its terms. Complaint at ¶¶ 17, 18, 33, 38.

Courts have repeatedly recognized the inappropriateness of non-plan defendants in actions for benefits arising under an ERISA covered employee benefit plan.[6]  In *Guiles v.*

---

Continued from previous page
     the Supreme Court noted that the "statutory definition of [non-forfeiture in 29 U.S.C. §1002(19)] refers to 'enforceability against the plan'." 446 U.S. at 371.

[6]    *Turner v. CF & I Steel Corp.*, 510 F. Supp. 537 (E.D. Pa. 1981), *aff'd on other grounds*, 770 F.2d 43 (3d Cir.), *cert. denied*, 474 U.S. 1058 (1986) (holding that the ERISA insurance plans were necessary parties in a claim for benefits under ERISA); *Roeder v. Chemrex, Inc.*, 873 F. Supp. 817 (E.D. Wisc. 1994); *Roche v. Mattson Co.*, 1995 U.S. Dist. LEXIS 5939, *11-*23 (N.D. Ill. May 2, 1995); *Dr. Reich v. MetraHealth, Inc.*, 1996 U.S. App. LEXIS 16592 (9th Cir. July 18, 1996) (Claim administrator was not a proper defendant; "ERISA permits suits to recover benefits only against the ERISA plan as an entity"); *Bluhata-Glover v. Cyanamid LTD Plan*, 1996 WL 220977 (E.D. Pa. April 30, 1996) (ERISA permits suits to recover benefits under §502(a)(1)(B) only against the plan; therefore, employer and plan administrator were dismissed as parties to §502(a)(1)(B), leaving only the ERISA Plan); *Lee v. Burkhart*, 991 F.2d 1004 (2d Cir. 1993) (insurance company which administered medical benefits Plan was not a proper party in a claim for Plan benefits); *Goldberg v. Lincoln National Life Ins. Co.*, 1991 U.S. App. LEXIS 29509 [*10] (9th Cir. 1991) (insurance company that insured medical benefits of ERISA Plan was properly dismissed as a defendant in claim for unpaid benefits); *Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279 (9th Cir. 1990); *Miller v. Eichleay Engineers, Inc.*, 886 F.2d 30, 33 (3d Cir. 1989) (employer which was plan sponsor and administrator dismissed by district court because "in a suit for benefits the plan is the proper party defendant"); *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985) ("ERISA permits suits to recover benefits only against the Plan as an entity"); *Lehigh Valley Hospital v. Rallis*, 1994 U.S. Dist. LEXIS 9244 (E.D. Pa. July 8, 1994) (insurer, plan administrator, and employee dismissed as improper parties, ERISA Plan is proper party in claim for benefits); *Charter Fairmount Institute v. Alta Health Strategies*, 1993 U.S. Dist. LEXIS 18317 (E.D. Pa. December 29, 1993) (plan administrator dismissed in case seeking medical benefits from

Continued on following page

*Metropolitan Life Ins. Co.*, 2002 WL 229696 (E.D. Pa. February 13, 2002), for example, plaintiff brought suit against Metropolitan Life Insurance Company for payment of long-term disability benefits owed under a plan. The Court agreed with Metropolitan Life Insurance Company, finding that the ERISA plan was the only entity against whom a claim for benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) could be brought. *Id.*

Consequently, the Displacement Program is not only a necessary party, it is indispensable. Moreover, Mellon Financial Corporation is not a proper party at all. It simply, like a bank, must pay the severance benefits as determined by the Displacement Program.

Thus, the Complaint against Mellon Financial Corporation should be dismissed.

### III.     CONCLUSION

Plaintiff seeks enhanced severance pay, an ERISA benefit, but he did not sue the separate, legal entity, distinct from Mellon Financial Corporation, that determined that he was not entitled to it; namely, the ERISA Plan. Mellon Financial Corporation is not a proper party to Plaintiff's claim and his failure to sue the ERISA Plan is in the face of the fact that he actually proceeded through and exhausted the administrative remedies of the Displacement Program. He also brought his claim as a state law claim, rather than an ERISA claim. ERISA preempts his

---

Continued from previous page
an insured ERISA Plan); *Alkire v. Fissel,* 1994 U.S. Dist. LEXIS 18722 (D. Kan. Dec. 12, 1994) (plan administrators not proper parties in an ERISA §502(a)(1)(B) claim for lost benefits); *Mellon Bank v. United Bank Corp. of N.Y.,* 1994 U.S. Dist LEXIS 18583 (N.D.N.Y. Dec. 22, 1994)(following *Lee*); *Gonzalez v. Mesa Verde Country Club,* 1991 U.S. App. LEXIS 30038 (9th Cir. 1991); *Miller v. Pension Plan for Emp. of Coastal Corp.,* 780 F. Supp. 768, 773 (D. Kan. 1991), *aff'd on other grounds*, 978 F.2d 622 (10th Cir. 1992), *cert. denied*, 123 L.Ed.2d 152 (1993);

state law claim because it relates to the administrative procedures and decision of the

Displacement Program.  Accordingly, Mellon Financial Corporation is entitled to have the

Complaint against it dismissed.

Respectfully submitted,

REED SMITH LLP

By:_____
        Paul P. Rooney
        599 Lexington Avenue
        New York, New York  10022
        (212) 521-5435

Attorneys for Mellon Financial Corporation

Dated: July 16, 2007
        New York, New York

## CERTIFICATE OF SERVICE

I, Paul P. Rooney, Esq., hereby certify that on July 16, 2007, I caused the annexed

DEFENDANT MELLON FINANCIAL CORPORATION'S BRIEF IN SUPPORT OF ITS

MOTION TO DISMISS THE COMPLAINT to be served upon Plaintiff's counsel listed below

by filing it with the Court by means of the Court's Electronic Case Filing system pursuant to

Fed. R. Civ. P. 5 and Local Civil Rule 5.2:

> Tracey S. Bernstein
> Himmel & Bernstein, LLP
> 928 Broadway, Suite 1000
> New York, New York 10010

PAUL P. ROONEY

Dated:  July 16, 2007