Himmel & Bernstein, LLP
Attorneys for Plaintiff
928 Broadway, Suite 1000
New York, NY 10010
(212) 631-0200
Attorney of Record:
    Tracey S. Bernstein, Esq. (TB-0405)


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RAYMOND VAN COTT,

                Plaintiff,

    -against-                                      2007 Civ. 5578 (MKC)(RLE)

MELLON FINANCIAL CORPORATION,          ECF FILED

                Defendant.
-----------------------------------------------------------------x


PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS
AND IN SUPPORT OF CROSS-MOTION TO AMEND THE COMPLAINT
TO JOIN A PARTY



                                                      HIMMEL & BERNSTEIN, LLP
                                                      Attorneys for Plaintiff
                                                      928 Broadway, Suite 1000
                                                      New York, NY  10010
                                                      (212) 631-0200

## **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS..................................................................................... ii

TABLE OF AUTHORITIES............................................................................... iii

PRELIMINARY STATEMENT............................................................................ 1

STATEMENT OF FACTS................................................................................... 2

ARGUMENT....................................................................................................... 3

    I.   DEFENDANT'S MOTION SHOULD BE DENIED IN ITS ENTIRETY................ 3

        A. Mellon's Motion to Dismiss is Premature.................................................. 3

        B. Alternatively, Mellon is a Proper Party to this Action................................. 4

    II.  PLAINTIFF SHOULD BE ALLOWED TO AMEND THE COMPLAINT
        TO JOIN THE PLAN AS A PARTY................................................................ 7

CONCLUSION.................................................................................................... 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Crews v Gen. Am. Life Ins. Co.*, 274 F.3d 502 (8th Cir. 2001)..................................7

*Eide v. Grey Fox Technical Services Corporation*, 329
    F.3d 600 (8th Cir. 2003)........................................................................... 6

*Patel v. Sugen, Inc.*, 354 F.Supp.2d 1098 (N.D.CA 2005).................................. 4, 5

*Taverna v. Credit Suisse First Boston (USA), Inc.*, 2003 U.S. Dist.
    LEXIS 1607 (S.D.N.Y.)............................................................................ 4

*Wigell v. Nappi*, 485 F.Supp.2d 142 (N.D.N.Y. 2007)......................................4, 5, 6

**Statutes**

FRCP 15.............................................................................................. 3, 7, 8

FRCP 19.............................................................................................. 3, 7, 8

28 U.S.C. 1447(c).......................................................................................3

ERISA, 29 U.S.C. § 1001 *et seq.*, as amended (1988)....................................... 1

**PRELIMINARY STATEMENT**

This memorandum of law is submitted by plaintiff Raymond Van Cott ("Mr. Van Cott" or "plaintiff") in opposition to defendant Mellon Financial Corporation's ("Mellon" or "defendant") motion to dismiss the complaint. This memorandum of law is also submitted in support of plaintiff's cross-motion, pursuant to FRCP Rules 15 and 19, to amend the complaint and join the Mellon Financial Corporation Displacement Program (the "Plan") as a party to this action, in the event the court determines that the Retention Agreement entered into between the parties on December 3, 2004 (the "Retention Agreement") is subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* as amended ("ERISA") and full relief cannot be afforded the parties without the Plan's presence in this matter.

On May 1, 2007, Mr. Van Cott initiated a breach of contract claim against Mellon on May 1, 2007 in New York State Supreme Court, New York County (the "State Court Action"), to recover "Transition Pay" equal to 52 weeks of his salary under the terms of the Retention Agreement. (A copy of the Summons and Complaint is annexed to the Affidavit in Opposition of Tracey S. Bernstein, Esq. ("TB Aff.") as Exhibit A; a copy of the Retention Agreement is annexed as Exhibit 3 to the Affidavit of Audrey F. Bonnett ("Bonnett Aff") in support of Mellon's motion.) On June 11, 2007, Mellon removed the State Court Action to the Southern District of New York on the grounds that the "Transition Pay" Mr. Van Cott seeks is an "employee welfare benefit" and therefore subject to the law of ERISA giving the Federal Courts jurisdiction over the matter and pre-empting any State law claim of breach of contract under the terms of the Retention Agreement. (A copy of the Notice of Removal Petition is annexed as Exhibit A to the TB Aff.)

Instead of submitting an answer, defendant has moved to dismiss the complaint on the grounds that plaintiff cannot pursue a claim for benefits under ERISA against Mellon.[1] For the

---

[1] Plaintiff denies that ERISA pre-empts the claim for monies Mr. Van Cott is seeking in his breach of contract action based on the Retention Agreement. Simultaneous with the submission of this motion,

1

reasons set forth below, Mellon's motion should be denied in its entirety as, assuming the Retention Agreement is found by the court to be governed by ERISA, the Retention Agreement is a separate and distinct agreement between Mellon and plaintiff that is not related to the Plan or issued under its auspices.

## STATEMENT OF FACTS

Mr. Van Cott began employment with Mellon in our about July 1998. TB Aff, Exhibit A, Complaint ¶ 7. He was steadily promoted, receiving greater responsibilities, until he attained his final position of Senior Vice President and Sector Chief Information Officer for the Human Resources & Investor Solutions Division ("HR&IS"). TB Aff, Exhibit A, Complaint, ¶ ¶ 9 – 13, 20 - 21. In Fall 2004 Mellon began negotiating to sell HR&IS to a third party and offered Mr. Van Cott the Retention Agreement.[2] TB Aff, Exhibit A, Complaint, ¶¶ 14 – 15. The purpose of the Retention Agreement was to guarantee certain monetary payments in order to secure Mr. Van Cott's services and keep him from leaving Mellon's employ while Mellon pursued the sale of HR&IS. Bonnett Aff, Exhibit 3; TB Aff, Exhibit A, Complaint, ¶ ¶ 15 - 16. This was not offered to all employees of Mellon, or even all employees of HR&IS, but only to plaintiff and a few select key executives who were essential to the deal. TB Aff, Exhibit A, Complaint, ¶ 16.

Mr. Van Cott performed his obligations by staying with Mellon, and not seeking new employment, through the sale of HS&IS to Affiliated Computer Services ("ACS") on May 25, 2005. TB Aff, Exhibit A, Complaint ¶ 24. Mellon then partially performed its obligations under the Retention Agreement by paying Mr. Van Cott his "Retention Bonus Award" of $300,000. Bonnett Aff, Exhibit 3; TB Aff, Exhibit A, Complaint ¶ 32. However, Mellon refused to pay to Mr. Van Cott the "Transition Pay" even though he had been transferred with the sale of HR&IS to

---

plaintiff has submitted a motion to remand this case back to State court on the grounds that the court lacks subject matter jurisdiction to hear this case as plaintiff seeks only payment for monies due under a contract and therefore ERISA is not implicated.
[2] Plaintiff inadvertently failed to annex the "Special Retention Agreement" to its complaint as noted in defendant's memorandum of law, fn 1. However, the "Special Retention Agreement" that plaintiff cites in his complaint in support of his claim of breach of contract is the document annexed as Exhibit 3 to the Bonnet Aff.

2

ACS but to a significantly lesser role within the new company triggering his right to payment of his 52 weeks of salary under the terms of the Retention Agreement. Bonnett Aff, Exhibit 3; TB Aff, Exhibit A, Complaint ¶¶ 21 – 33.

Mellon was the signatory to the Retention Agreement and has conceded in its memorandum of law in support of its motion to dismiss that it is the "payer of the benefit." Yet, Mellon seeks to be dismissed from this matter on the grounds that the Plan, and not it, is the proper defendant in this action. As will be shown below, Mellon is a proper party to this lawsuit and, if the Court denies plaintiff's motion to remand the case to State court, should remain a party to this lawsuit. In addition, should the court determine, despite plaintiff's contrary view, that complete relief cannot be afforded to the parties without the Plan's presence, plaintiff's cross-motion to amend his complaint and join the Plan as an indispensable party should be granted.

## ARGUMENT

### I.   DEFENDANT'S MOTION SHOULD BE DENIED IN ITS ENTIRETY

#### A.   Mellon's Motion is Premature

Defendant's motion to dismiss is premature given that plaintiff has simultaneously moved to remand this matter back to State court 28 U.S.C. §1447(c). As more fully addressed in plaintiff's motion to remand, this matter is nothing more than a simple common law breach of contract action and therefore this Court lacks subject matter jurisdiction to hear it.[3] Should the Court find in plaintiff's favor on his motion to remand, defendant's motion to dismiss and plaintiff's cross-motion would be rendered moot.

---

[3] Defendant's memorandum of law goes through an analysis of why defendant believes that ERISA pre-empts plaintiff's state law claim for breach of contract. This argument appears to be misplaced and irrelevant to this motion to dismiss. As such, plaintiff will not respond to defendant's position on whether this is an ERISA based claim herein. Instead, plaintiff directs the Court to its motion to remand and the arguments in support contained in plaintiff's moving papers which are incorporated herein by reference.

3

### B.     Alternatively, Mellon is a Proper Party to this Action

In the event the Court denies plaintiff's motion to remand this matter back to State Court on the grounds that ERISA is applicable, defendant's motion to dismiss should be denied as Mellon is a proper party to this action. To the extent ERISA is implicated, it is plaintiff's position (as also addressed in his remand motion) that the Retention Agreement is a document that stands separate and apart from the Plan.[4] As noted above, Mellon, not the Plan, is the signatory to the Retention Agreement and has conceded that any monies due plaintiff will be paid by it.

In addition, the language of both the Retention Agreement and the Mellon Displacement Program Summary Plan Description establish that the Retention Agreement is, as plaintiff alleges in his Complaint, a separate and distinct agreement. See, *Wigell v. Nappi*, 485 F.Supp.2d 142, 145 – 148 (N.D.N.Y. 2007); *Patel v. Sugen, Inc.*, 354 F.Supp.2d 1098 (N.D.CA 2005). Bonnett Aff, Exhibits 1 and 3; TB Aff, Exhibit A.

The Displacement Program's Summary Plan Description specifically addresses the right of Mellon to make separate agreements with one or more of its employees regarding severance or other post-employment benefits that are not managed and overseen by the Displacement Program. Bonnett Aff, Exhibit 1. The Summary Plan Description states that one of the situations in which an employee may <u>not</u> be eligible for Displacement Benefits is:

> When the employee is covered by a separate agreement (either covering the employee individually or as a result of covering a group of employees which includes the employee) that provides compensation and/or benefits for periods following the employee's termination of employment ("Separate Agreement"), except where the Separate Agreement expressly provides that the employee shall remain eligible for benefits under the Program. Bonnett Aff, Exhibit 1.

---

[4] Mellon contends that since an employer can provide severance benefits "only through an ERISA plan," the Retention Agreement must be governed by the Plan making it and not Mellon the proper party. First, severance benefits can be provided outside an ERISA plan (see, *Taverna v. Credit Suisse First Boston (USA), Inc.*, 2003 U.S. Dist. LEXIS 1607 (S.D.N.Y.). Second, employers can make separate agreements to pay severance outside their ERISA based severance plans as was done here. See, *Wigell v. Nappi*, 485 F.Supp.2d 142 (N.D.N.Y. 2007).

4

Moreover, there is nothing in the Summary Plan Description that provides for the "Confidential Special Retention Package" presented to plaintiff. Bonnett Aff, Exhibits 1 and 3. Nor is there any indication or documentation that shows that the Retention Package was issued to plaintiff by the Plan Manager, by someone acting on behalf of the Plan Administrator, or "expressly" under the Plan's terms. Bonnett Aff, Exhibits 1 and 3. Indeed, Mellon disclaims that the Retention Agreement is related to the Displacement Program. In a footnote at the end of the letter, Mellon states that "nothing in this [Retention Agreement] is to be construed as a notification of your *Displacement* under the Mellon Financial Corporation Displacement Program. See, *Patel v. Sugen, Inc.*, 354 F.Supp.2d at 1107 – 1109 (release agreement not "related" to referenced severance plan as severance plan provided for company to enter into separate written agreements relating to amount of separation benefits.)

Plaintiff's position is further supported by the fact that significant differences exist between the terms of the Displacement Program and the terms of the Retention Agreement. *Wigell v. Nappi*, 485 F.Supp.2d at 145 – 148 (N.D.N.Y. 2007). For example, the "Transition Pay" under the Retention Agreement is more than Mr. Van Cott would be entitled to under the terms of the Plan. Bonnett Aff, Exhibits 1 and 3. Under the Retention Agreement, Mr. Van Cott is entitled to 52 weeks of his salary ($300,000) without mitigation or risk of being cut off if he found other employment. Bonnett Aff, Exhibits 1 and 3. This sum far exceeds what Mr. Van Cott would have been entitled to under the Plan. Under the terms of the Plan, Mr. Van Cott would have received, at most, "Basic Displacement Pay" of two (2) weeks per year of service or approximately $80,000 (14 weeks of salary). Bonnett Aff, Exhibits 1 and 3. He would not have been entitled to "Extended Displacement Pay" because Mr. Van Cott had commenced new employment with ACS before the "Basic Displacement Pay" had been exhausted. Bonnett Aff, Exhibits 1 and 3.

In addition, Mellon, not the [Plan] Manager, was to decide which company would provide plaintiff with Executive Outplacement. Bonnett Aff, Exhibits 1 and 3. There is also no indication

5

under the Retention Agreement that Mr. Van Cott was entitled to continuing health benefits which are provided for under the Plan. Bonnett Aff, Exhibits 1 and 3. The Retention Agreement also makes it clear that Mr. Van Cott's 52 week payment "shall be reduced by the full amount of the Displacement pay, Supplemental Unemployment Benefits and/or separation or severance pay provided under a previously provided separate agreement . . . paid to you ". Bonnett Aff, Exhibits 1 and 3.[5] This clearly shows that Mr. Van Cott remained eligible for payments under the Plan in addition to the Transition Payment although such Plan amount would be deducted. As such, there are distinct differences between the terms of the Displacement Program and the Retention Letter. See, *Wigell v. Nappi*, 485 F.Supp.2d at 145 – 148 (N.D.N.Y. 2007) (letter agreement was not related to company's severance plan as significant differences existed between the terms of the severance plan and the promised post-employment benefits).

While the Plan is referenced in the Retention Agreement, it is done so to provide the parties with a guideline / formula as to when Mr. Van Cott would be eligible for the "Transition Pay." What Mellon (who drafted the Agreement) did was simply point to the definition of Displacement instead of transcribing it into the Agreement itself so that the parties would understand when the triggering event occurred.[6] See, *Eide v. Grey Fox Technical Services Corporation*, 329 F.3d 600, 606 – 607 (8th Cir. 2003) (ERISA not applicable as benefits under oral agreement were not to be delivered under the company plan even though the formula in the plan was used to calculate the amount of benefits due each employee); *Crews v Gen. Am. Life Ins. Co.*, 274 F.3d 502, 505 -506 (8th Cir. 2001) (promised benefits are free-standing and not premised on existing plan.)

---

[5] It should also be noted the amount of the Supplemental Retention Bonus Award Mr. Van Cott was eligible for under the Retention Agreement was to be in the "sole discretion" of plaintiff's supervisor Mr. James Aramanda, Vice Chairman and Sector CEO of HR&IS. Mr. Aramanda was plaintiff's boss and there is no evidence his authority stems from the Plan. Bonnett Aff, Exhibits 1 and 3.

[6] Defendant argues that since plaintiff went through the process of applying for benefits under the Plan plaintiff has conceded that ERISA governs his claim. However, plaintiff made a claim for benefits under the Plan out of an abundance of caution in the event his view that this was a simple breach of contract claim turned out to be erroneous. Plaintiff should not be penalized because he took steps to protect his rights. At no time was his request for benefits intended to be an admission that the monies he is claiming are due solely through the Plan or under ERISA.

Consequently, Mellon's motion to dismiss should be denied in its entirety as it is a proper party here.

## II. PLAINTIFF SHOULD BE ALLOWED TO AMEND ITS COMPLAINT AND JOIN THE PLAN AS A PARTY

In the event the court finds (as Mellon urges) that the Plan is also indispensable to the adjudication of the rights of the parties here, plaintiff cross-moves to amend the complaint and join the Plan as a party. FRCP 15 and 19. Notably, the Plan can be immediately joined as a party as plaintiff has exhausted his administrative remedies as evidenced by the Denial of Benefits letter dated February 15, 2006 that he received from the Plan Administrator. (A copy of the Letter denying plaintiff's final appeal is annexed as Exhibit 2 to the Bonnett Aff.)[7]

However, there can be no question here that Mellon (the admitted payor) is also a proper party to this action as the amount to be paid to Mr. Van Cott and his right to receive those payments is derived directly from the terms of the Retention Agreement to which Mellon and plaintiff are the only parties. Bonnett Aff, Exhibits 1 and 3.

## CONCLUSION

Wherefore, defendant's motion should be denied in its entirety and, to the extent the court believes the Plan to be an indispensable party, plaintiff's motion to amend and add the Plan as a party, pursuant to FRCP 15 and 19, should be granted and plaintiff should be given 60 days from the date of entry of this Court's order to file and serve the amended complaint.

---

[7] Should the Court determine the Plan is a proper and indispensable party and Mellon is not at this time, then any dismissal here should be without prejudice so that after plaintiff obtains a favorable ruling against the Plan it can pursue Mellon for payment of the Transition Pay under the terms of the Retention Agreement.

7

Dated: New York, New York
       September 5, 2007

                                      HIMMEL & BERNSTEIN, LLP

                                  By: _____
                                      TRACEY S. BERNSTEIN (TB-0405)
                                   Attorneys for Plaintiff
                                   928 Broadway, Suite 1000
                                   New York, NY  10010
                                   (212) 631-0200

## CERTIFICATE OF SERVICE

I, Tracey S. Bernstein, hereby certify that on September 5, 2007, I caused the annexed PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS and IN SUPPORT OF CROSS-MOTION TO AMEND and to JOIN A PARTY to be served upon defendant's counsel listed below by filing it with the Court by means of the Court's Electronic Case Filing System pursuant to Fed. R. Civ. P. 5 and Local Rule 5.2.

Paul P. Rooney
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022

Dated: New York, New York
September 5, 2007

Tracey S. Bernstein (TB 0405)