Himmel & Bernstein, LLP
Attorneys for Plaintiff
928 Broadway, Suite 1000
New York, NY 10010
(212) 631-0200
Attorney of Record:
     Tracey S. Bernstein, Esq. (TB-0405)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

RAYMOND VAN COTT,

               Plaintiff,

      -against-

MELLON FINANCIAL CORPORATION,

               Defendant.

-----------------------------------------------------------x

ATTORNEY DECLARATION IN
IN OPPOSITION TO
DEFENDANT'S MOTION TO
DISMISS & IN SUPPORT OF
PLAINTIFF'S CROSS-MOTION
TO AMEND THE COMPLAINT

2007 Civ. 5578 (MKC)(RLE)

ECF FILED

     Tracey S. Bernstein, Esq., an attorney duly admitted to practice law in the State of New York, declares the following, under penalty of perjury, pursuant to 28 U.S.C. §1746:

1.     I am the attorney for plaintiff Raymond Van Cott ("plaintiff" or "Mr. Van Cott").

2.     I make this affidavit opposition to defendant's motion to dismiss the complaint and in support of plaintiff's cross-motion pursuant to Federal Rules of Civil Procedure Rules 15 and 19 to amend the complaint and join the Mellon Financial Corporation Displacement Program (the "Plan") as a party to this matter.

3.     On or about May 1, 2007, plaintiff filed a summons and complaint (the "Complaint") in the New York State Supreme Court, New York County alleging a single cause of action for breach of contract against defendant Mellon Financial Corporation ("Mellon" or "defendant"). (A copy of the Summons and Complaint is annexed hereto as Exhibit A.)

4.     On or about June 11, 2007, defendant filed a Notice of Removal with this Court

transferring the action to this Court on the sole grounds that plaintiff's state law claim of breach of contract was pre-empted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*, as amended ("ERISA"). (A copy of the Notice of Removal is annexed hereto as Exhibit A.)

5.     As more fully set forth in the accompanying memorandum of law in support of this motion, defendant's motion to dismiss should be denied in its entirety as plaintiff has properly alleged a breach of contract claim against it and Mellon is an indispensable party without which plaintiff could not obtain complete relief.   Indeed, defendant's motion is premature as plaintiff filed simultaneously with defendant's motion to dismiss a motion to remand this matter back to New York State Supreme Court, New York County which would render defendant's motion moot should it be granted.

6.     In addition, plaintiff's cross motion to amend the Complaint and add the Plan as a party should be granted in the event that the Court finds the Plan is, also indispensable to adjudicating this matter.

7.     I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States.


Executed on this 5th day of September, 2007.


                                        TRACEY S. BERNSTEIN (TB-0405)

EXHIBIT A

JUDGE CEDARBAUM        07 CV 5578

Paul P. Rooney (PR-0333)
REED SMITH LLP
599 Lexington Avenue, 28th Floor
New York, New York 10022
(212) 521-5400

Attorneys for Defendant Mellon Financial Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X
RAYMOND VAN COTT                          : 07 Civ. _____

                                          :                          JUN 1 1 2007
                        Plaintiff,        :

        – against –                       : **NOTICE OF REMOVAL**

                                          :
MELLON FINANCIAL CORPORATION              :

                        Defendant.        :
--------------------------------------------------X

Pursuant to 28 U.S.C. § 1441, Defendant Mellon Financial Corporation

("Mellon") gives notice that Raymond Van Cott v. Mellon Financial Corporation is hereby

removed to the United States District Court for the Southern District of New York from the

Supreme Court of the United States of New York, New York County, Index No. 601440/07,

Filing Date May 1, 2007, where said case was originally filed and is currently pending.  A copy

of all process, pleadings and orders served upon the defendant Mellon Financial Corporation is

filed with this Notice as Exhibit A.

        1.      The Complaint in the above-captioned action was filed in the Supreme

Court of the State of New York, County of New York on or about May 1, 2007 and was served

on the Defendant by regular mail on May 14, 2007.

        2.      No further proceedings have occurred.

3.    Plaintiff alleges he was an employee of Mellon Financial Corporation ("Mellon").  Complaint at ¶ 7.

4.    Plaintiff alleges as part of his employee benefits, he was provided notice of his eligibility to potentially receive a "Special Retention Package."  Complaint at ¶ 15.

5.    The Special Retention Package detailed Plaintiff's potential rights to the payment of a Retention Bonus Award, a Supplemental Retention Bonus Award, and a Transition Package.  Complaint at ¶ 17.

6.    As alleged in paragraph 17(c) of the Complaint, a "Transition Package" consists of severance benefits in form of outplacement services and severance pay equal to 52 weeks of base salary in the event that becomes unemployed under conditions in which he is found to be "Displaced" by and under the terms of the Mellon Financial Corporation Displacement Program ("ERISA Plan").  The ERISA Plan is an employee welfare benefit plan, as defined by the Employee Retirement Income Security Act of 1974 § 3(1), 29 U.S.C. §§ 1002(1), et. seq., as amended ("ERISA").

7.    The severance pay Plaintiff seeks is an employee welfare benefit, as defined by ERISA § 3(1), 29 U.S.C. § 1002(1).  This severance pay is a supplemental benefit that is offset by, and payable pursuant to, determinations made by the ERISA Plan in accordance with its administrative procedures.  Complaint at ¶¶ 17, 18, 33.

8.    Plaintiff asserts that he was "Displaced," as defined by the ERISA Plan.  Complaint at ¶ 18; Displacement Program at pp 2-3.  Plaintiff exhausted the administrative remedies under the terms of the ERISA Plan.

10.    Because Plaintiff's claim seeks ERISA benefits and, in addition, "relate[s] to" an employee benefit plan, pursuant to ERISA § 514, 29 U.S.C. § 1144, Plaintiff's purported State Law claim is governed and displaced by ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and is completely preempted by ERISA. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987).

11.    For the reasons set forth in Paragraphs 1 through 10 above, the present action is a civil action over which this Court has original jurisdiction under the provisions of 29 U.S.C. § 1331 and ERISA § 502(e), 29 U.S.C. § 1132(e).

12.    This is a civil action which may be removed this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441, as a civil action founded upon claims or rights arising under the Constitution, laws or treaties of the United States.

15.    The procedural requirements of 28 U.S.C. § 1446 have been met.    The initial pleading in this case from which it could be ascertained that the action was removable was the Verified Complaint.  This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), being filed within 30 days of the date on which the removing Defendants received that document.

WHEREFORE, Mellon Financial Corporation provides notice that the present civil action commenced against it has been removed to this Court.

Respectfully submitted,

REED SMITH LLP

By: _____
Paul P. Rooney
599 Lexington Avenue
New York, New York 10022
(212) 521-5435

Attorneys for Mellon Financial Corporation

Dated: June 11, 2007
    New York, New York

-4-

## CERTIFICATE OF SERVICE

I, Paul P. Rooney, Esq., hereby certify that on June 11, 2007, I caused the annexed NOTICE OF REMOVAL to be served upon Plaintiff via United States Mail – First Class by causing an envelope containing said papers with sufficient postage to effect delivery to be deposited in an official depository addressed as follows:

> Tracey S. Bernstein
> Himmel & Bernstein, LLP
> 928 Broadway, Suite 1000
> New York, New York 10010

Paul P. Rooney

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------x

RAYMOND VAN COTT

                                          Plaintiff,

                    -against-

MELLON FINANCIAL CORPORATION,

                                          Defendant,
----------------------------------------------------------------x

Plaintiff designates New York
County as the place of trial

The basis of the venue is
the defendant resides in New York
County

Index No.  601440/07

SUMMONS

Plaintiff's address: 1347 Rustic Ridge
Rd, Yorktown Heights, NY 10598
                    COUNTY CLERK'S OFFICE

                    MAY 11 2007

                    NOT COMPARED
                    WITH COPY FILE

To the above named defendant(s):

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive

of the day of service (or within 30 days after the service is complete if this summons is not

personally delivered to you within the State of New York); and in case of your failure to appear or

answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: April 18, 2007

Defendant's Address:

MELLON FINANCIAL CORPORATION
200 Park Avenue
New York, NY 10166

                              HIMMEL & BERNSTEIN, LLP

                              By
                                    Tracey S. Bernstein
                              Attorneys for Plaintiff
                              928 Broadway, Suite 1000
                              New York, New York 10010
                              (212) 631-0200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x

RAYMOND VAN COTT,

                 Plaintiff,             **VERIFIED COMPLAINT**

        -against-               Index No.: 601440/07

MELLON FINANCIAL CORPORATION,      Filing Date: 5|1|07

                 Defendant.

---------------------------------------------------------------x

    Plaintiff RAYMOND VAN COTT, by his attorneys Himmel & Bernstein, LLP, complaining of defendant MELLON FINANCIAL CORPORATION alleges as follows:

1.    Plaintiff Raymond Van Cott brings this action against defendant for breach of a Special Retention Agreement he entered into with defendant Mellon Financial Corporation.

### I. THE PARTIES

2.    Plaintiff Raymond Van Cott ("plaintiff" or "Mr. Van Cott") is a citizen of the State of New York and resides at 1347 Rustic Ridge Road, Yorktown Heights, New York.

3.    Defendant Mellon Financial Corporation ("defendant" or "Mellon") at all times relevant hereto is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State and County of New York at 200 Park Ave, New York, New York.

4.    Defendant is in the business of providing banking, financial and investment services to individuals and institutions.

## II. BACKGROUND

5.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 4 above, with the same force and effect as if fully set forth herein.

7.   On or about July 1998, plaintiff was hired by Mellon as a Senior Vice President to run technology for Mellon's retail bank at Mellon's home office in Pittsburgh, Pennsylvania.

8.   At the time he was hired in July 1998 Mr. Van Cott was had 160 full-time employees reporting to him and managed an annual budget of $22 million.

9.   In late 1999, plaintiff was asked to move to the New York Area to manage technology for Mellon's two New York based companies: Dreyfus Mutual Funds and Buck Consulting.  The total number of employees reporting to Mr. Van Cott increased to 280 and his annual budget responsibility increased to approximately $40 Million.

10.   In 2001 Mellon, increased Mr. Van Cott's responsibilities through the acquisition of Mellon Investor Solutions, formerly Chase Mellon Investor Solutions, by adding another 175 full time employees and increasing his budget responsibilities to $65 million.

11.   In January 2002, Mellon promoted plaintiff to Regional Chief Information Officer of New York/New Jersey. Additionally Mellon acquired the Human Resources Outsourcing firm named Unifi from Price Waterhouse & Coopers.  This acquisition increased the total number of employees reporting to him to 950 and the size of his annual budget increased to $148 Million.

12.   In January 2003, Mellon merged its Investor Solutions business with its Human Resources business to form the Human Resources and Investor Solutions Sector ("HR&IS"). In May 2003, plaintiff was promoted to SVP and Sector Chief Information Officer.  This was in addition to his duties as Regional CIO which still included Dreyfus Mutual Funds and Regional Infrastructure.

2

13.    Upon his promotion to HR&IS sector CIO, plaintiff was making $300,000 in annual salary and received a bonus from Mellon for his work in 2003 of $130,000.

14.    In or about the Fall of 2004 Mellon began negotiating to sell the HR&IS business.

15.    On or about December 3, 2004, plaintiff and Mellon entered into a Special Retention Package (the "Retention Agreement"). The purpose of the Retention Agreement was to provide plaintiff with certain significant monetary payments in exchange for his commitment to stay with Mellon and forgo other employment opportunities while Mellon was negotiating and completing the sale of HR&IS to ACS. (A copy of this Special Retention Agreement is annexed hereto and incorporated herein by reference as Exhibit A.)

16.    Plaintiff and other senior executives were offered this Special Retention Package as Mellon considered them to be key employees who were essential to closing the deal with ACS and did not want them to look for work elsewhere for work despite the potential harm to their job search and careers from waiting until the deal was completed.

17.    Under the terms of the Retention Agreement, if the six (6) conditions outlined therein were met (i.e., the sale to ACS closed, plaintiff was still employed at the time, etc.) plaintiff would be entitled to receive the following payments:

  a.    A "Retention Bonus Award" in the amount of $300,000.

  b.    A "Supplemental Retention Bonus Award" of 0 to 6 months (target of 3 months) of plaintiff's base salary based on the discretion of Vice Chairman, James Aramanda.

  c.    A "Transition Package" consisting of 52 weeks of plaintiff's base salary and Executive Level Outplacement Services in the event that plaintiff would be considered "Displaced" as that term is defined under the terms of the Mellon Financial Corporation Displacement Program (the "Displacement Program"), and executed a Confidential Separation Agreement and Release. (See Exhibit A.)

18.    Under the terms of the Displacement Program, an employee is considered Displaced, and therefore eligible for displacement benefits, where the employee's employment has been transferred by Mellon to another employer as a result of a sale of a business and the position to be provided to the employee "involves "a significant change in responsibilities from those assigned to the employee immediately prior to the sale or transfer."

19.    At the time plaintiff entered into the Retention Agreement he had an annual salary of $300,000 and received a bonus for his work in 2004 of $120,000.  Plaintiff also received an annual stock option award valued at approximately $125,000.

20.    At the time plaintiff entered into the Retention Agreement he was reporting to the Vice Chairman and Corporate CIO, Allan Woods, and Executive Vice President Kevin Shearan. Plaintiff and indirectly reporting to Vice Chairman and CEO of Dreyfus, Steven Canter, and Vice Chairman and Senior CEO of HR&IS, James Aramanda.

21.    At the time plaintiff entered into the Retention Agreement, he was responsible for managing approximately 900 full-time employees and had annual budget responsibility of approximately $148 million.

22.    In March 2005 Mellon decided not to sell Investor Solutions in total.  Instead, it entered into a sale agreement for the Human Resources portion of HR&IS with Affiliate Computer Services (ACS).

23.    On or about May 1, 2005, Mellon closed the ACS deal and plaintiff's employment was transferred to ACS.

24.    Just prior to the closing of the ACS deal on or about May 25, 2005, plaintiff's annual base salary remained $300,000.

25.    Also just prior to closing, Mellon elected to retain as part of Dreyfus Mutual Funds and the Investor Solutions businesses 290 of the 700 full time employees that Mr. Van Cott was responsible for.

26.    As a result of the closing of Mellon's sale of HR&IS to ACS, plaintiff's employment was transferred to ACS.

27.    Upon his transfer to ACS, due to terminations of superfluous employees and staff transfers to other areas of ACS, plaintiff was now managing approximately 162 full-time employees and overseeing an annual budget of approximately $30 million. This translates into a decrease of more than 76% of his supervisory responsibilities and a decrease of more than 73% of his budgetary responsibilities from the time he entered into the Retention Agreement.

28.    In addition, plaintiff's transfer to ACS resulted in a drop in reporting level. Instead of reporting to individuals at the Vice Chairman, CEO, CIO and Executive Vice President level (as he did at Mellon), plaintiff found himself reporting to a Managing Director in Charge of ACS Human Resources Outsourcing Business.

29.    Plaintiff's new position and responsibilities at ACS would be, at best, equivalent those he held when he first took the Senior Vice President's position at Mellon in 1998.

30.    As a result of these decreases in reporting level, budgetary oversight and supervisory responsibility, plaintiff suffered a "significant change in responsibilities from those assigned to [plaintiff] immediately prior to the sale or transfer" entitling plaintiff to 52 weeks of Transition Pay under the terms of the Retention Agreement.

31.    As a result of the closing of the sale of HR&IS to ACS all the conditions necessary to trigger payment to Mr. Van Cott of his Retention Bonus Award, Supplemental Retention Bonus Award and Transition Pay were met.

32.    In accordance with the terms of the Retention Agreement, Mellon paid to Mr. Van Cott both the Retention Bonus Award and a Supplemental Bonus Award.

33.    Mellon, despite the clear evidence that Mr. Van Cott was "Displaced" as that term is defined under the Displacement Program has refused to pay Mr. Van Cott his Transition Payment of 52 weeks of his base salary.

### III. AS AND FOR A FIRST CAUSE OF ACTION
#### (Breach of Contract)

34.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 above, with the same force and effect as if fully set forth herein.

35.   On or about December 3, 2004 the parties entered into the Retention Agreement.

36.   On or about May 1, 2005 Mellon closed the sale of its HR&IS business to ACS and transferred plaintiff's employment to ACS as part of that sale.

37.   At the time the ACS deal closed, all of the conditions necessary for plaintiff to receive payments under the Retention Agreement were met as set forth above.

38.   As a result of the conditions set forth in the Retention Agreement being met, plaintiff was entitled to receive, among other payments, his Transition Pay of 52 weeks of salary at his annual base salary of $300,000 as plaintiff suffered "a significant change in responsibilities from those assigned to [plaintiff] immediately prior to the sale or transfer" as set forth above.

39.   At the time he was Displaced, and at all times since the sale of HR&IS to ACS, plaintiff has stood ready, willing and able to execute a Confidential Separation Agreement and Release in exchange for his 52 weeks of Transition Pay.

40.   Despite repeated requests by Mr. Van Cott for payment of his Transition Pay, defendant has refused to provide plaintiff with a Confidential Separation Agreement and Release and to pay plaintiff the $300,000 in Transition Pay he is due and owing under the terms of the Retention Agreement.

41.   As a result of defendant's refusal to provide plaintiff with a Confidential Separation Agreement and Release and to pay plaintiff his $300,000 due him as Transition Pay defendant is in breach of the Retention Agreement.

42.   As such, plaintiff is entitled to a judgment in an amount no less than $300,000 from defendant plus interest.

6

WHEREFORE, plaintiff demands judgment:

(a) On the FIRST CAUSE OF ACTION against defendant in an amount no less than $300,000 together with the interest, costs and disbursements of this action.

(b) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
        April 18, 2007

HIMMEL & BERNSTEIN, LLP

BY:
        TRACEY S. BERNSTEIN
        Attorneys for Plaintiff
        928 Broadway, Suite 1000
        New York, NY 10010
        (212) 631-200

7

## VERIFICATION

I have carefully read the foregoing Complaint, and know and understand the contents thereof; the same are true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_Raymond Van Cott_

Raymond Van Cott

Sworn to before me on the
18 _th_ day of April, 2007.

_Parviz Davalloo_

NOTARY PUBLIC

PARVIZ DAVALLOO
Notary Public, State of NEW YORK
NO. 01DA5087713
Qualified in Westchester County
Term Expires Nov. 3, 2009

8

### CERTIFICATE OF SERVICE

I, Paul P. Rooney, Esq., hereby certify that on June 11, 2007, I caused the annexed

NOTICE OF REMOVAL to be served upon Plaintiff via United States Mail – First Class by

causing an envelope containing said papers with sufficient postage to effect delivery to be

deposited in an official depository addressed as follows:

> Tracey S. Bernstein
> Himmel & Bernstein, LLP
> 928 Broadway, Suite 1000
> New York, New York 10010

Paul P. Rooney

## CERTIFICATE OF SERVICE

I, Tracey S. Bernstein, hereby certify that on September 5, 2007, I caused the annexed

PLAINTIFF'S CROSS-MOTION to AMEND and JOIN A PARTY and DECLARATION OF

TRACEY S. BERNSTEIN to be served upon defendant's counsel listed below by filing it with the

Court by means of the Court's Electronic Case Filing System pursuant to Fed. R. Civ. P. 5 and

Local Rule 5.2.

Paul P. Rooney
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022

Dated: New York, New York
September 5, 2007

Tracey S. Bernstein (TB 0405)