Paul R. Rooney (PR-0333)
REED SMITH LLP
599 Lexington Avenue, 28th Floor
New York, New York 10022
(212) 521-5400

Attorneys for Defendant
Mellon Financial Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
RAYMOND VAN COTT                      :     07 Civ. 5578 (MGC) (RLE)
                                      :
             Plaintiff,             :     <u>ECF FILED</u>
  - against -                         :
                                      :     **DECLARATION OF**
MELLON FINANCIAL CORPORATION          :     <u>**AUDREY F. BONNETT**</u>
                                      :
             Defendant.             :
-----------------------------------------------------X

I, AUDREY F. BONNETT, hereby certify and declare as follows based upon my own personal knowledge and information:

    1.    I am the Program Manager for the Mellon Financial Corporation Displacement Program ("Displacement Program"). I was Plan Manager at all times relevant to matters involved in the above-captioned lawsuit.

    2.    I am familiar with and have personal knowledge concerning the claim of Raymond Van Cott ("Plaintiff"), in which he claimed to be entitled to benefits under the Displacement Program and the Confidential Special Retention Package.

    3.    Attached hereto is as Attachment 4 is a copy of correspondence dated July 6, 2005, received from counsel for Plaintiff.

    4.    Attached hereto is as Attachment 5 is a copy of correspondence dated October 18, 1005, received from counsel for Plaintiff.

- 2 -

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

    Executed on this \_\_\_12th\_\_\_ day of September, 2007.

*/s/ Audrey F. Bonnett*
Audrey F. Bonnett

Attachment "4"

# HIMMEL & BERNSTEIN, LLP

ATTORNEYS AT LAW

928 BROADWAY · SUITE 1000

NEW YORK, NY 10010

(212) 631-0200

FACSIMILE (212) 631-0205

TRACEY S. BERNSTEIN
ADMITTED NY

E-MAIL: TBERNSTEIN@HBESQ.COM
WEBSITE: WWW.HBESQ.COM

July 6, 2005

*By FedEx*

Ms. Audrey Bonnett
Manager, Corporate Displacement Plan
Mellon Financial Corporation
Two Mellon Center, Room 152-1025
Pittsburgh, PA 15259-0001

Re: Appeal for Benefits Under the Mellon Displacement Policy

Dear Ms. Bonnett:

I have been retained by Mr. Raymond Van Cott who was employed by Mellon Financial Corporation ("Mellon") as Senior Vice President and Regional Chief Information Officer for the NY&NJ Region. As part of his duties he was also the Chief Information Officer for the Human Resources & Investor Solutions Sector ("HR&IS") until May 25, 2005 when HR&IS was sold to Affiliated Computer Services ("ACS") and his employment was transferred. Please direct all future correspondence regarding this matter to my office.

By this letter I am making a claim on Mr. Van Cott's behalf for severance benefits under the Mellon Financial Corporation Displacement Program (the "Program") and his Special Retention Package dated December 3, 2004 (the "Retention Agreement") (a copy of which is enclosed). Mr. Van Cott is entitled to benefits under the Program as (i) he was a full-time employee whose employment was "affected by Mellon's sale of a business or by Mellon's contracting for or otherwise transferring the employee's employment functions to another employer," and (ii) his position upon transfer suffered a "significant change in responsibilities from those assigned to the employee immediately prior to the sale or transfer."

Prior to his transfer to ACS as a result of HR&IS' sale to ACS, Mr. Van Cott was an SVP and Regional sector CIO who reported directly to an Executive Vice President, Mr. Kevin Shearan, who in turn reported to a Mellon Vice Chairman, Mr. Allan Woods. Mr. Van Cott also had functional reporting to two (2) other Vice Chairmen, Mr. Steven Canter, CEO of Dreyfus and Mr. James Aramanda, Sector CEO of HR&IS. As an SVP and Regional sector CIO at Mellon

Mr. Van Cott had approximately 744 full time employees reporting to him and was responsible for managing a budget of $112 million dollars at them time of his departure.

As result of the transfer, the position Mr. Van Cott now holds would be the equivalent of a vice president's position at Mellon and he has been dropped down a reporting level as he is now reporting to the Managing Director in Charge of ACS Human Resources Total Benefits Outsourcing Group, who in turn reports to the Senior Managing Director of ACS Professional Services Division, Head of Human Resources, who in turn reports to a member of the Executive Management Team.

In addition, Mr. Van Cott now has only 162 full time employees reporting to him and his budgetary oversight has been reduced to approximately $30 million. This represents a decrease of more than 78% of his supervisory responsibilities and a decrease of more than 73% of his budgetary responsibilities. In fact the position he holds with ACS is not even equivalent to the duties and responsibilities assigned to him when he was first hired by Mellon more than seven (7) years ago.

As you can clearly see, in terms of hierarchical reporting position as well as employee and financial oversight Mr. Van Cott's current position and responsibilities at ACS are far inferior to those he held at Mellon just prior to the sale and transfer of HR&IS to ACS. As such he has suffered a "significant change in responsibilities" and is entitled to one year of severance benefits paid in a lump-sum in accordance with the terms of the Program and the Retention Agreement.

We look forward to hearing from you after you have reviewed this matter.

Very truly yours,

Himmel & Bernstein, LLP

By: _____
Tracey S. Bernstein

TSB/oho
enc.
cc: Mr. Raymond Van Cott

# Attachment "5"

# HIMMEL & BERNSTEIN, LLP

ATTORNEYS AT LAW

928 BROADWAY • SUITE 1000

NEW YORK, NY 10010

(212) 631-0200

FACSIMILE (212) 631-0205

TRACEY S. BERNSTEIN
ADMITTED NY

E-MAIL: TBERNSTEIN@HBESQ.COM
WEBSITE: WWW.HBESQ.COM

OCT 19

October 18, 2005

*By FedEx*

Ms. Lisa B. Peters
Displacement Program Administrator
Human Resources Department
Mellon Financial Corporation
One Mellon Center, Room 0719
Pittsburgh, PA 15258

   Re: Appeal of Denial of Benefits under the Mellon Displacement Policy

Dear Ms. Peters:

  I represent Mr. Raymond Van Cott who was employed by Mellon Financial Corporation ("Mellon") as Senior Vice President and Regional Chief Information Officer for the NY&NJ Region until May 25, 2005 when HR&IS was sold to Affiliated Computer Services ("ACS") and his employment was transferred.

  By the enclosed letter dated July 6, 2005 Mr. Van Cott applied for severance benefits under Mellon Financial Corporation Displacement Program (the "Program") and his Special Retention Package dated December 3, 2004 (the "Retention Agreement") as (i) Mr. Van Cott was a full-time employee whose employment was "affected by Mellon's sale of a business or by Mellon's contracting for or otherwise transferring the employee's employment functions to another employer," and (ii) his position upon transfer suffered a "significant change in responsibilities from those assigned to the employee immediately prior to the sale or transfer."

  By the enclosed letter dated October 3, 2005 from Barbara K. Ross, Esq., on behalf of Audrey F. Bonnett, Mellon denied my client's request for severance benefits under the terms of the Program and his Retention Agreement. By this letter Mr. Van Cott appeals this denial and asks that you overturn Ms. Bonnett's decision as it is clear that her decision was unsupported by any factual or rational support for her conclusions.

In the denial letter it states that the "Program Manager has determined that a change in scale of responsibilities is not a significant change in responsibilities within the meaning of the Program." She goes on to state that the factors set forth in Mr. Van Cott's request for benefits taken together do not constitute a "significant change in responsibilities" because Mr. Van Cott's corporate and functional title did not change. However, the denial letter fails to give any examples of what would constitute a "significant change in responsibilities" or identify where or how the phrase "significant change in responsibilities" is defined under the terms of the Program. Ms. Bonnett simply assumes that one should take at face value her conclusion that the evidence provided by Mr. Van Cott was insufficient to meet the Program's requirements.

Contrary to Mellon's position, when it comes to evaluating whether there has been a significant reduction in responsibilities scale is the primary issue. In the enclosed case of *Ingrassia v. Shell Oil Company*, 394 F. Supp. 875 (S.D.N.Y. 1975), the court, in comparing the position the plaintiff was being removed from with the position the defendant was offering to avoid having to pay severance under its plan, focused its analysis almost exclusively on the issue of scale. After noting that there can still be a significant change in responsibilities even if title and salary remain unaffected, the court determined that the two (2) positions were not "roughly equivalent" because in the offered position the plaintiff would have been one of one hundred people in the position, instead of one of five, and serviced a smaller geographic location selling to terminal superintendents of small local companies instead of CEO's of large companies. The court went on to conclude that the offered position was also not "roughly equivalent" and constituted a "reduction in rank" despite the employee's salary being the same because the chances for advance would have been less.

*Ingrassia* and many other cases like it make it clear why it is both disingenuous and unreasonable for Mellon to deny my client severance benefits under the Program when, considering Mr. Van Cott's factual statements as true as Ms. Bonnett does, he experienced a decrease in reporting level combined with the loss of 78% of his subordinates and 73% of his budgetary responsibilities. (See my July 6, 2005 letter.)

The denial of severance benefits to my client is also based upon the illogical conclusion that because ACS agreed in the "terms of the sale" between it and Mellon to continue my client's employment "without a significant change in responsibilities from those assigned to him" there could not have been significant changes upon his transfer. First, regardless of what the terms of the sale required of ACS, it does not guarantee that ACS honored its contractual commitments. Second, if, as it appears, ACS did not honor its obligations Mellon's recourse is to seek restitution from ACS and not from my client who dedicated seven (7) years of his professional life to Mellon and agreed to stay on (see attached Retention Agreement) at great risk to his career and financial well-being while the ACS sale was being negotiated.

The reality here is that Mr. Van Cott was not given a position at ACS that was substantially similar or roughly equivalent (or however you wish to characterize it) to the position he held at Mellon as there were in fact significant changes in his responsibilities which

will have a significant affect upon his ability to command a similar salary and position in the future. Consequently, Mellon's decision not to pay Mr. Van Cott under the Program, which potentially operates to deny him one year of severance benefits under his Retention Agreement, is clearly self-serving and made in bad faith and should be reversed.

To uphold Ms. Bonnett's decision is to suggest that there is no difference in duties and responsibilities between an SVP of a company that employs 50 people and has revenues of $5 million and an SVP of a company that employs 50,000 people and has revenues of $1 billion. That is simply and plainly a specious position for Mellon to take and we are confident that if this issue is brought before the courts Mr. Van Cott will be awarded his severance benefits.

We look forward to your decision.

Very truly yours,

Himmel & Bernstein, LLP

By: _____
Tracey S. Bernstein

TSB/oho
encs.
cc: Barbara K. Ross, Esq. (w/o encs.)
    Mr. Raymond Van Cott

# CERTIFICATE OF SERVICE

I, Paul P. Rooney, Esq., hereby certify that on September 14, 2007, I caused the annexed DECLARATION OF AUDREY BONNET to be served upon Plaintiff's counsel listed below by filing it with the Court by means of the Court's Electronic Case Filing system pursuant to Fed. R. Civ. P. 5 and Local Civil Rule 5.2 and by mailing a copy by United States Mail – First Class to the following address:

> Tracey S. Bernstein
> Himmel & Bernstein, LLP
> 928 Broadway, Suite 1000
> New York, New York 10010

PAUL P. ROONEY

Dated: September 14, 2007