Paul R. Rooney (PR-0333)
REED SMITH LLP
599 Lexington Avenue, 28th Floor
New York, New York 10022
(212) 521-5400

Attorneys for Defendant
Mellon Financial Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RAYMOND VAN COTT                         :     07 Civ. 5578 (MGC) (RLE)
                                         :
            Plaintiff,                   :     <u>ECF FILED</u>
    - against -                          :
                                         :
MELLON FINANCIAL CORPORATION             :
                                         :
            Defendant.                   :
-------------------------------------------------------X


**DEFENDANT MELLON FINANCIAL CORPORATION'S BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS AND
IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**


Dated:  September 19, 2007
        New York, New York

# TABLE OF CONTENTS

                                                                                                     **Page**

OVERVIEW .................................................................................................................................1

ARGUMENT ...............................................................................................................................2

I.      MELLON'S MOTION TO DISMISS SHOULD BE GRANTED, BECAUSE PLAINTIFF'S STATE LAW CLAIM IS PREEMPTED..................................................2

II.     MELLON'S MOTION TO DISMISS SHOULD BE GRANTED, BECAUSE MELLON IS NOT A PROPER PARTY ...............................................................................2

          A.  Mellon, As The Payor Of Severance Benefits, Is Not A Proper Party .........................2

          B.  Mellon Is Not A Proper Party, Because It Is Not The Plan Administrator. ..................2

          C.  There Is No State Law Contract On Which To Base A State Law Claim. ...................3

III.    PLAINTIFF'S MOTION TO AMEND COMPLAINT SHOULD BE DENIED AS PRESENTED...............................................................................................................6

CONCLUSION.............................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Collins v. Ralston Purina Co.,*
  147 F.3d 592 (7th Cir. 1998) ........................................................................................... 5

*Crews v. Gen. Am. Life Ins. Co.,*
  274 F.3d 502 (8th Cir. 2001) ........................................................................................... 5

*Crocco v. Xerox Corp.,*
  137 F.3d 105 (2d Cir. 1998) ............................................................................................ 3

*Eide v. Grey Fox Technical Services Corp.,*
  329 F.3d 600 (8th Cir. 2003) ........................................................................................... 5

*Gelardi v. Pertec Computer Co.,*
  761 F.2d 1323 (9th Cir. 1985) ......................................................................................... 2

*Lee v. Burkhart,*
  991 F.2d 1004 (2d Cir. 1993) ...................................................................................... 2, 3

*Leonelli v. Pennwalt Corp.,*
  887 F.2d 1195 (2d Cir. 1989) ...................................................................................... 2, 3

*Mellon Bank, N.A. v. United Bank Corp. Of New York,*
  1994 WL 722003 (N.D.N.Y. December 22, 1994 ........................................................... 3

**Statutes**

29 U.S.C. § 1132(d) ............................................................................................... passim

## OVERVIEW

There is no justiciable dispute, case or controversy between Plaintiff and Defendant Mellon Financial Corporation ("Mellon"). Because the Displacement Program found that Plaintiff had not been Displaced, Plaintiff has not satisfied a precondition to any obligation of Mellon under the Displacement Program or the Transition Package to pay severance to him. Mellon is not a proper party in Plaintiff's dispute against the Displacement Program.

As explained in Mellon's principal brief in support of its Motion to Dismiss, the severance pay available under the Displacement Program and the enhanced severance benefits available as Transition Pay are unfunded or self-funded benefits. Payment of such severance is a general obligation of Mellon. There is no trust or insurance policy, and no assets are set aside. Benefits are paid on an "as-due" basis from Mellon's general treasury.

Mellon is not free to pay these severance payments unless and until the Displacement Program determines that an eligible employee was "Displaced." This determination is made in accordance with and by the Displacement Program, a separate legal entity under ERISA § 502, 29 U.S.C. § 1132(d).

In the present case, Mellon provided Notice to a select group of employees that, if they were found Displaced in accordance with the Displacement Program, it would pay them more severance than the Displacement Program provided on its own terms. Thus, if the Displacement Program had determined that Plaintiff was entitled to benefits, Mellon would then, and only then, be obligated to pay Plaintiff the severance and enhanced severance. Thus, Mellon is not a proper party to the dispute over whether Plaintiff was Displaced under the Displacement Program and <u>really has no stake or interest in its outcome</u>. It is an outsider.

The same would be true if this Court were to find that Plaintiff was entitled to benefits by overturning the decision of the Displacement Program. That decision itself would trigger the obligation of Mellon to pay severance, but that does not make Mellon a proper party in the present lawsuit. In fact, *only if* Plaintiff were found Displaced and Mellon *then, at that*

*time*, failed to pay the severance and/or enhanced severance would Plaintiff (and Displacement Program) have a claim against Mellon. But as it is, it is undisputed that the precondition to the payment of severance has not occurred and, based upon the properly pled facts, Plaintiff cannot allege Mellon is in breach of any obligation.

## ARGUMENT

### I. MELLON'S MOTION TO DISMISS SHOULD BE GRANTED, BECAUSE PLAINTIFF'S STATE LAW CLAIM IS PREEMPTED.

Mellon's Brief in opposition to Plaintiff's motion for remand establishes that his state law claim is not only preempted by ERISA but completely preempted by ERISA. Plaintiff states that he has chosen not to respond to Mellon's argument here.

### II. MELLON'S MOTION TO DISMISS SHOULD BE GRANTED, BECAUSE MELLON IS NOT A PROPER PARTY

**A. Mellon, As The Payor Of Severance Benefits, Is Not A Proper Party**

The Second Circuit has cited with approval the statement of the Ninth Circuit that: "ERISA permits suits to recover benefits only against the Plan as an entity." *Lee v. Burkhart,* 991 F.2d 1004, 1009 (2d Cir. 1993) (quoting *Gelardi v. Pertec Computer Co.,* 761 F.2d 1323 (9th Cir. 1985). In the present case, only the Displacement Program can make the determination that will trigger severance payments. It is the only proper party. Mellon needs only to know the outcome of the present dispute – not be a party to it.

**B. Mellon Is Not A Proper Party, Because It Is Not The Plan Administrator.**

In *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989), the Second Circuit said that:

> In a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable. *See* § 1132(d)(2); *see also Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323, 1324-25 (9th Cir.1985) (per curiam).

This statement is not an expansion on the statement in *Lee,* when read in the correct context. Administrators and trustees are only liable under ERISA §502(d)(2), if found

liable in their individual capacities. The Second Circuit reversed a district court that failed to understand this distinction between ERISA § 502(d)(1) and 502(d)(2). In *Crocco v. Xerox Corp.*, 137 F.3d 105, 107 (2d Cir. 1998), the Circuit held that *Lee*, not *Leonelli*, stated the rule and held that the employer is not a proper party where the plaintiff alleges that the employer was the de facto plan administrator. This is relevant in the present case, because the Displacement Program has an identifiable Plan Administrator who made the determination of Plaintiff's eligibility under the plan's terms on behalf of the plan. Thus, Mellon cannot be retained in this lawsuit on a theory, not yet asserted by Plaintiff, that it is an alleged de facto administrator of the plan. As another New York federal court has explained:

> In *Lee v. Burkhart*, 991 F.2d 1004 (2d Cir. 1993), the Second Circuit addressed a claim by individual plaintiffs against an insurance company which they alleged was the administrator of the plan. In discussing whether or not plaintiffs could maintain such a claim under § 1132(a)(1)(B), the Court noted that "[a] third potential impediment [to this claim] is that "ERISA permits suits to recover benefits only against the Plan as an entity." " *Id.* at 1009 (citing *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323 (9th Cir.1985)) (emphasis added). Mellon is unquestionably not the plan. Therefore, consistent with *Lee*, § 1132(a)(1)(B) does not provide plaintiffs with a basis to assert their first two causes of action against Mellon.

*Mellon Bank, N.A. v. United Bank Corp. Of New York*, 1994 WL 722003 (N.D.N.Y. December 22, 1994.

**C. There Is No State Law Contract On Which To Base A State Law Claim.**

As explained in Mellon's Brief in opposition to the motion to remand, there is no "Retention Agreement." The Confidential Special Retention Package contained three separate elements. The Retention Bonus and the Supplemental Retention Bonus have been paid and are not involved in this case.

The Transition Package, however, specifically provides that Plaintiff would have to be Displaced in accordance with the Displacement Program in order to be entitled to Transition Pay. The definition of Displacement is such that one cannot make himself Displaced. Being "Displaced" is something that is outside the control of a former employee.

The determination is also outside the control of Mellon. Plaintiff states at page 2-3 of his Brief in opposition of Mellon's motion to dismiss:

> However, Mellon refused to pay to Mr. Van Cott the "Transition Pay" even though he had been transferred with the sale of HR&IS to ACS but to a significantly lesser role within the new company triggering his right to payment of his 52 weeks of salary under the terms of the Retention Agreement.

Having a "significantly lesser role within the new company" does not trigger any right to additional severance pay, under the express terms of the Notice. It requires a determination "in accordance with" the terms of the Displacement Program. This determination triggers Displacement Program benefits and the offset of the "52 weeks of salary" set out in the Notice. Thus, the Transition Pay is not a separate and freestanding contract; it incorporates and expressly builds upon benefits available under the Displacement Program. It is just an additional enumerated benefit available to those found entitled to the benefits under the ERISA plan.

The second page of the Notice removes any doubt: Enhanced severance pay was not to be paid on different terms than Displacement Pay provided through the Displacement Program. As with the latter, enhanced severance pay is to be paid out on the same terms as Displacement Pay and, if the Displaced employee finds new non-Mellon employment, periodic payments stop and the balance is paid in a lump sum. Finally, any such lump sum is also restricted, like Displacement Pay, and is not taken into account for any purpose under any qualified or nonqualified pension plan.

The upshot of these terms is that Transition Pay was to be treated in the same way as Displacement Pay. It was to garner no privileges, rights or entitlements not afforded to those who received Displacement Pay and was not to be treated for any purposes under any pension plan. To remove any question in this regard that might arise due to any difference in the wording between the Displacement Program and the Notice, the Displacement Program was deemed the primary document. This primacy of the Displacement Program is provided for in the Confidential Special Retention Package itself; the footnote of the Notice provides:

> In the event of a conflict between the Special Retention Package and the applicable plan documents or agreements, the plan documents or agreements control.

Finally, the Notice did more than "point to" the definition of Displaced, as Plaintiff asserts. The Notice says that "if you are *Displaced* in accordance with the Mellon Financial Corporation Displacement Program..." One cannot be Displaced in accordance with the Displacement Plan unless one is an eligible employee who satisfies all of the preconditions. Appendix A to the Notice specifically refers Plaintiff to "pages 2 and 3 of the Displacement Program for information related to eligibility."

In this sense, *Eide v. Grey Fox Technical Services Corp.*, 329 F.3d 600, 606 (8th Cir. 2003), cited by Plaintiff, is distinguishable. In *Eide*, the seller/former employer guaranteed that if one was subsequently terminated by the buyer within one year, it *would* pay him severance "*equal* to that which they would have received under former employer's plan." *Id.* at 603. "Although the benefits to be paid to Employees were calculated according to the formulas provided by the Ceridian plan, they were not to be delivered pursuant to that plan." *Id.* at 606. There was no requirement in *Eide* that the former employee plan be found eligible for benefits under the employee plan or make a benefit eligibility determination. In the present case, however, entitlement to enhanced severance requires that one be found Displaced in accordance with the terms of an ERISA plan.

Likewise, in *Crews v. Gen. Am. Life Ins. Co.*, 274 F.3d 502 (8th Cir. 2001), cited by Plaintiff, benefits were triggered simply by staying employed through a fixed date. This *was* the case with the Retention Bonus and the Supplemental Retention Bonus elements described in the Notice, but not with the Transition Package. In fact, *Crews* distinguishes the case of *Collins v. Ralston Purina Co.*, 147 F.3d 592 (7th Cir. 1998), in which whether benefits were payable necessitated a case-by-case review in order to determine if one's duties were "substantially reduced."

### III. PLAINTIFF'S MOTION TO AMEND COMPLAINT SHOULD BE DENIED AS PRESENTED.

Without doubt, Plaintiff must amend his Complaint.

Mellon is opposed to Plaintiff's motion to amend to the extent that it would retain Mellon as a Defendant. As stated at the outset, there is no case or controversy between Mellon and Plaintiff. Being the entity that may eventually pay the benefit does not place it in an adversarial position or make it a necessary party. Only the Displacement Program is a necessary and indispensable party.

Plaintiff concedes this point in his footnote 7. Plaintiff wants the dismissal of Mellon from this case to be without prejudice so that "after Plaintiff obtains a favorable ruling against the Plan it can pursue Mellon for payment of the Transition Pay..." Frankly, Plaintiff has no cause of action against Mellon at the present time, because no obligation to pay has arisen. The footnote reveals what Plaintiff has not said in any of his Briefs. That is, it is the decision of an ERISA plan to deny benefits that is at issue in this case. He may not leapfrog over this ERISA plan and attack Mellon.

### CONCLUSION

Plaintiff's Complaint must be amended to assert an ERISA claim for benefits under ERISA § 502(a)(1)(B) against the Displacement Program alone, and Mellon should be dismissed as a defendant.

Respectfully submitted,

REED SMITH LLP

By: /s/ Paul P. Rooney
Paul P. Rooney
599 Lexington Avenue
New York, New York 10022
(212) 521-5435

Attorneys for Mellon Financial Corporation

Dated: September 19, 2007
New York, New York

## CERTIFICATE OF SERVICE

I, Paul P. Rooney, Esq., hereby certify that on September 19, 2007, I caused the annexed **DEFENDANT MELLON FINANCIAL CORPORATION'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND** to be served upon Plaintiff's counsel listed below by filing it with the Court by means of the Court's Electronic Case Filing system pursuant to Fed. R. Civ. P. 5 and Local Civil Rule 5.2 and by mailing a copy by United States Mail – First Class to the following address:

>   Tracey S. Bernstein
>   Himmel & Bernstein, LLP
>   928 Broadway, Suite 1000
>   New York, New York 10010

_____
PAUL P. ROONEY

Dated: September 19, 2007