Himmel & Bernstein, LLP
Attorneys for Plaintiff
928 Broadway, Suite 1000
New York, NY 10010
(212) 631-0200
Attorney of Record:
    Tracey S. Bernstein, Esq. (TB-0405)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
RAYMOND VAN COTT,

                Plaintiff,

    -against-                                    2007 Civ. 5578 (MGC)(RLE)

MELLON FINANCIAL CORPORATION,         ECF FILED

                Defendant.
---------------------------------------------------------------x

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO REMAND

HIMMEL & BERNSTEIN, LLP
Attorneys for Plaintiff
928 Broadway, Suite 1000
New York, NY 10010
(212) 631-0200

# TABLE OF CONTENTS

    **Page**

TABLE OF CONTENTS.................................................................................................. ii

TABLE OF AUTHORITIES............................................................................................ iii

PRELIMINARY STATEMENT........................................................................................ 1

ARGUMENT.................................................................................................................... 1

    I.   THE RETENTION AGREEMENT IS A CONTRACT UPON WHICH A
        BREACH CLAIM MAY REST.................................................................... 1

CONCLUSION................................................................................................................. 3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Constantini v. The Guardian Life Insurance Company of America*, 859 F.Supp 89, 91 (S.D.N.Y. 1994)..................................................3

*Crews v Gen. Am. Life Ins. Co.*, 274 F.3d 502 (8th Cir. 2001)...............................2

*Eide v. Grey Fox Technical Services Corporation*, 329 F.3d 600 (8th Cir. 2003)..................................................................................2

*T & M Meat Fair, Inc. v. United Food and Commercial Workers, Local 174, AFL-CIO*, 210 F.Supp.2d 443 (S.D.N.Y. 2002)..................................... 1

*Wigell v. Nappi*, 485 F.Supp.2d 142 (N.D.N.Y. 2007).......................................... 2

**Statutes**

28 U.S.C. § 1447(c)..........................................................................................1, 3

ERISA, 29 U.S.C. §1132(a)(1)(B) and §1132 (e)(1)............................................3

## PRELIMINARY STATEMENT

This memorandum of law is submitted by plaintiff Raymond Van Cott ("Mr. Van Cott" or "plaintiff") in further support of plaintiff's motion pursuant 28 U.S.C. §1447(c) to remand this matter to New York State Supreme Court, New York County ("State Court") as the federal court lacks subject matter jurisdiction over the dispute.

Plaintiff does not contest that the Mellon Financial Corporation Displacement Program (the "Displacement Program") is an ERISA based plan. However, defendant has failed to meet its burden of establishing that the breach of contract claim filed in State Court based upon the Confidential Special Retention Package presented to Mr. Van Cott in December 2004 (the "Retention Agreement") to induce him to remain with defendant Mellon Financial Corporation ("Mellon" or "defendant") was properly removed to Federal Court.

## ARGUMENT

### I. The Retention Agreement is a Contract Upon Which a Breach Claim May Rest

The inquiry of the Court is limited to whether on its face the Complaint was removable (*T & M Meat Fair, Inc. v. United Food and Commercial Workers, Local 174, AFL-CIO*, 210 F.Supp.2d 443 (S.D.N.Y. 2002). Here plaintiff has pled a straightforward breach of contract action based upon the refusal of Mellon to honor the Retention Agreement and such matter should be remanded to State Court.

Regardless of how plaintiff refers to the Retention Agreement for purposes of argument,[1] the reality is that defendant provided plaintiff with a document setting forth criteria and/or obligations that if met by plaintiff triggered obligations on the part of Mellon. There was mutual

---

[1] Despite defendant's distaste for plaintiff's use of the words "Retention Agreement" both in his Complaint and moving papers to define Mellon's letter to Mr. Van Cott dated December 3, 2004 laying out the terms of the Special Retention Package, there is no dispute that plaintiff's Retention Agreement and the Confidential Special Retention Package are one in the same document that plaintiff inadvertently forgot to annex to the Complaint when he filed and served it.

1

consideration for the promises contained therein.  Mellon obtained plaintiff's services through the chaotic and uncertain times surrounding the sale of HR&IS and plaintiff in return received payment for living up to his obligations.  That is indeed what happened here as plaintiff stayed through the sale of HR&IS to ACS and Mellon part performed by paying the Retention Payment.[2]

Indeed, this is quite similar to the scenarios presented in several of the cases cited by plaintiff in his Memorandum in Support of this motion dated August 16, 2007.  See, *Wigell v. Nappi*, 485 F.Supp.2d 142, 145 – 148 (N.D.N.Y. 2007); *Patel v. Sugen, Inc.*, 354 F.Supp.2d 1098 (N.D.CA 2005); see also, *Eide v. Grey Fox Technical Services Corporation*, 329 F.3d 600, 606 – 607 (8th Cir. 2003) (ERISA not applicable as benefits under oral agreement were not to be delivered under the company plan even though the formula in the plan was used to calculate the amount of benefits due each employee); *Crews v Gen. Am. Life Ins. Co.*, 274 F.3d 502, 505 - 506 (8th Cir. 2001) (promised benefits are free-standing and not premised on existing plan.)  In none of these cases is there any claim that the document or promise is not a contract standing separate and apart from the company benefit plan.  The only issue is whether the document is governed by ERISA thereby pre-empting any common law claim for breach of contract.

However, defendant asks the Court to ignore the very language and terms of the Displacement Program that allows for Mellon to make separate agreements regarding the payment of benefits.  The terms of both these documents are also ignored by Mellon in its attempts to link the "Transition Pay" due under the Retention Agreement to the "Enhanced Severance" due under the Displacement Program.  Defendant also fails to explain how, if the Retention Agreement and the Displacement Program are one and the same as plaintiff's former boss James Armanda, and not the Displacement Program Manger Audrey Bonnett, was the person who would exercise discretion over whether Mr. Van Cott was paid a Supplemental

---

[2] Plaintiff as alleged in the Complaint received no money for the Supplemental Bonus that was to be paid in the discretion of his supervisor James Aramanda.

Bonus (which he was not). It is also left unaddressed by defendants how the Retention Payment, which was paid to plaintiff, falls under the Displacement Program. There is certainly no provision for Retention Payment or the Supplemental Bonus under the Displacement Program's terms. In addition, nowhere in the affidavit of Audrey F. Bonnett, the Displacement Program Administrator, does defendant point to any language in either the Displacement Program or the Retention Letter that indicates that the Retention Agreement was issued under the auspices of the Displacement Program.[3]

Furthermore, defendant's concern of prejudice is misplaced as the Displacement Program can be brought into State Court, and any ERISA related issues addressed, under 29 U.S.C. §1132(a)(1)(B) and §1132 (e)(1). See, *Constantini v. The Guardian Life Insurance Company of America*, 859 F.Supp 89, 91 (S.D.N.Y. 1994).

## CONCLUSION

Wherefore, plaintiff respectfully requests this Court remand this matter back to State Court for further proceedings award plaintiff costs and attorneys fees pursuant to 28. U.S.C. §1447(c).

Dated: New York, New York
September 24, 2007

HIMMEL & BERNSTEIN, LLP

By: _____
TRACEY S. BERNSTEIN (TB-0405)
Attorneys for Plaintiff
928 Broadway, Suite 1000
New York, NY 10010
(212) 631-0200

---

[3] Defendant attempts to link the Retention Agreement to ERISA by attaching plaintiff's appeal for benefits letter. This letter should not be considered by the Court as no such reference is made to this letter in the Complaint. In addition, plaintiff should not be penalized for pursuing all potential rights he might have had as he could not know how the court would rule on this issue at the time he filed his request for benefits with the Displacement Program.

3

## CERTIFICATE OF SERVICE

I, Tracey S. Bernstein, hereby certify that on September 24, 2007, I caused the annexed PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND to be served upon defendant's counsel listed below by filing it with the Court by means of the Court's Electronic Case Filing System pursuant to Fed. R. Civ. P. 5 and Local Rule 5.2.

Paul P. Rooney
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022

Dated: New York, New York
September 24, 2007

Tracey S. Bernstein (TB 0405)