Neil S. Rosolinsky (NR 1869)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RAYMOND VAN COTT,

                                Plaintiff,                    **ANSWER**

      -against-

                                                                   07 Civ. 5578 (MGC) (RLE)

MELLON FINANCIAL CORPORATION
DISPLACEMENT PROGRAM,

                                Defendant.
------------------------------------------------------------------X

      Defendant, Mellon Financial Corporation Displacement Program ("Defendant"), by its attorneys, Reed Smith LLP, answers the Amended Complaint as follows:

      1.     No response is necessary to the allegations set forth in paragraph 1 of the Amended Complaint, as they call for a legal conclusion. In the event a response is deemed necessary, Defendant admits Plaintiff purports to proceed as stated therein.

### I. JURISDICTION AND VENUE

      2.     No response is necessary to the allegations set forth in paragraph 2 of the Amended Complaint, as they call for a legal conclusion. In the event a response is deemed necessary, Defendant admits that Plaintiff purports to proceed as stated therein.

      3.     No response is necessary to the allegations set forth in paragraph 3 of the Amended Complaint, as they call for a legal conclusion. In the event a response is deemed necessary, Plaintiff's allegations regarding a written stipulation between the parties is denied as

stated, because the stipulation speaks for itself. Defendant denies the remaining allegations of the paragraph. By way of further answer, venue is governed by 29 U.S.C. § 1132(e)(2).

## II. PARTIES

4.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint and, therefore, denies them.

5.  No response is necessary to the allegations set forth in paragraph 5 of the Amended Complaint, as they call for a legal conclusion. In the event a response is deemed necessary, Defendant admits the allegations.

6.  Defendant denies the allegations set forth in paragraph 6 of the Amended Complaint as stated. It is admitted that Defendant is an unfunded welfare benefit plan. It is admitted only that Mellon Financial Corporation ("Mellon") is now The Bank of New York Mellon Corporation. The remaining allegations of the paragraph are denied.

7.  No response is necessary to the allegations set forth in paragraph 7 of the Amended Complaint, as they call for a legal conclusion. In the event a response is deemed necessary, Defendant admits that its Program Administrator at the time of Plaintiff's administrative appeal was Lisa B. Peters, who was Executive Vice-President, Human Resources Department, Mellon Financial Corporation at the time. Defendant denies the remaining allegations.

## III. FACTUAL BACKGROUND

8.  Defendant incorporates herein each and every response set forth above.

9. Defendant admits only that Plaintiff was hired on or about July 1998. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint and, therefore, denies them.

10. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint and, therefore, denies them.

11. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint and, therefore, denies them.

12. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint and, therefore, denies them.

13. Defendant denies the allegations of the first sentence. Regarding the second sentence, Defendant admits only that in 2002 Mellon acquired Unifi from Price Waterhouse & Coopers. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Amended Complaint and, therefore, denies them.

14. Defendant admits only that in 2003 Mellon formed Mellon Human Resources & Investor Solutions ("HR&IS"). Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Amended Complaint and, therefore, denies them.

15. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint and, therefore, denies them.

16. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Amended Complaint and, therefore, denies them.

17. Defendant denies the allegations set forth in paragraph 17 of the Amended Complaint as stated, because the Confidential Special Retention Package speaks for itself.

18. Defendant denies the allegations set forth in paragraph 18 of the Amended Complaint as stated, because the Confidential Special Retention Package speaks for itself.

19. Defendant denies the allegations set forth in paragraph 19 of the Amended Complaint as stated, because the Confidential Special Retention Package speaks for itself.

20. Defendant denies the allegations set forth in paragraph 20 of the Amended Complaint as stated, because the Confidential Special Retention Package speaks for itself.

21. Defendant denies the allegations set forth in paragraph 21 of the Amended Complaint as stated, because the Confidential Special Retention Package speaks for itself.

22. Defendant denies the allegations set forth in paragraph 22 of the Amended Complaint as stated, because the Confidential Special Retention Package speaks for itself.

23. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Complaint and, therefore, denies them.

24. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint and, therefore, denies them.

25. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Complaint and, therefore, denies them.

26. Defendant admits only that in March 2005 Mellon and Affiliated Computer Services, Inc. ("ACS") entered in to a Purchase Agreement in which Mellon would sell Mellon HR&IS to ACS. Defendant denies the remaining allegations of paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Amended Complaint. By way of further answer, May 1, 2005 was the retroactive effective date of the sale of HR&IS to ACS for certain financial accounting purposes, and Plaintiff's employment transitioned to ACS at 11:59 p.m. on May 24, 2005, the Closing Date.

28. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Amended Complaint and, therefore, denies them.

29. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint and, therefore, denies them.

30. Defendant admits the allegations set forth in paragraph 30 of the Amended Complaint.

31. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Amended Complaint and, therefore, denies them.

32. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint and, therefore, denies them.

33. Defendant denies the allegations set forth in paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations set forth in paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations set forth in paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations set forth in paragraph 36 of the Amended Complaint. By way of further answer, Defendant found that Plaintiff was not "Displaced" under its terms.

37. Defendant admits that Mellon paid to Plaintiff both a Retention Bonus Award and a Supplemental Bonus Award. It is admitted only that Mellon had no right, duty or obligation to pay Plaintiff Transition Pay because Defendant held that he was not "Displaced" in accordance with the terms of the plan. Defendant denies the remaining allegations of in paragraph 37 of the Amended Complaint.

38. Defendant denies the allegations set forth in paragraph 38 of the Amended Complaint as stated, because the referenced July 6, 2005 letter speaks for itself.

39. Defendant denies the allegations set forth in paragraph 39 of the Amended Complaint as stated, because the referenced October 3, 2005 letter speaks for itself.

40. Defendant denies the allegations set forth in paragraph 40 of the Amended Complaint as stated, because the referenced doced October 18, 2005 letter speaks for itself.

41. Defendant denies the allegations set forth in paragraph 41 of the Amended Complaint as stated, because the referenced February 15, 2006 letter speaks for itself.

42. No response is necessary to the allegations set forth in paragraph 42 of the Amended Complaint, as they call for a legal conclusion. In the event a response is deemed necessary, Defendant incorporates herein its February 15, 2006 letter referenced above, which speaks for itself.

## IV. **FIRST CLAIM FOR RELIEF**

43. Defendant incorporates herein each and every response set forth above.

44. No response is necessary to the allegations set forth in paragraph 44 of the Amended Complaint, as they call for a legal conclusion. In the event a response is deemed necessary, Defendant admits only that Plaintiff was a Participant under its terms until his employment was transitioned to ACS upon the Closing Date; the remaining allegations are denied.

45. Defendant denies the allegations set forth in paragraph 45 of the Amended Complaint.

46. Defendant denies the allegations set forth in paragraph 46 of the Amended Complaint. By way of further answer, Plaintiff was not Displaced, as defined under the terms of the Defendant plan.

47. No response is necessary to the allegations set forth in paragraph 47 of the Amended Complaint, as they call for a legal conclusion. In the event a response is deemed necessary, Defendant denies all of the allegations contained therein.

## V. SECOND CLAIM FOR RELIEF

48.     Defendant incorporates herein each and every response set forth above.

49.     Defendant denies the allegations set forth in paragraph 49 of the Amended Complaint.

50.     Defendant denies the allegations set forth in paragraph 50 of the Amended Complaint.

51.     Defendant denies the allegations set forth in paragraph 51 of the Amended Complaint as stated.  By way of further answer, Plaintiff is not entitled to any pay or benefits under the terms of the Defendant plan.

52.     No response is necessary to the allegations set forth in paragraph 52 of the Amended Complaint, as they call for a legal conclusion.  In the event a response is deemed necessary, Defendant denies all allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Some or all of the claims in the Amended Complaint are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Defendant cannot be held liable under any theory and Defendant's decisions and actions were proper and in accordance with the terms of the Displacement Program and applicable law.

## FOURTH AFFIRMATIVE DEFENSE

The decision to deny benefits was not arbitrary and capricious.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' failed to exhaust administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel and/or laches.

**WHEREFORE**, Defendant respectfully prays that the Court enter a judgment dismissing Plaintiffs' Amended Complaint with prejudice in its entirety, denying each and every demand and prayer for relief therein; awarding Defendants reasonable attorneys' fees and costs, and granting Defendants such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        November 19, 2007

REED SMITH LLP

By: _____
Neil S. Rosolinsky (NR 1869)
599 Lexington Avenue, 29th Floor
New York, New York  10022
(212) 521-5400

*Attorneys for Defendant*
*Mellon Financial Corporation*
*Displacement Program*

TO:    HIMMEL & BERNSTEIN, LLP
Tracey S. Bernstein (TB-0405)
928 Broadway, Suite 1000
New York, New York 10010
(212) 631-0200

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND VAN COTT, | Case No. 07 Civ. 5578 (MGC) (RLE) |
| Plaintiff, | |
| v. | **AFFIDAVIT OF SERVICE** |
| MELLON FINANCIAL CORPORATION DISPLACEMENT PROGRAM, | |
| Defendant. | |

Anne Magee, being duly sworn, deposes and says:

I am over eighteen years old, I am not a party to this action, and reside in Kings County.

On November 19, 2007, I served a true copy of the annexed **ANSWER** under the care and custody of U.S. mail in a sealed envelope addressed to the last known address of the addressee as indicated below:

HIMMEL & BERNSTEIN, LLP
Tracey S. Bernstein, Esq.
928 Broadway, Suite 1000
New York, New York 10010

_____
Anne Magee

Sworn to before me this
19th day of November, 2007

_____
Notary Public

SANDRA ANCHUNDIA-RAMOS
Notary Public, State of New York
No. 31-4919484
Qualified in Queens County
Commission Expires February 16, 20 10